CLERK

4/13/2016 4:37 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
EFRAIN REYES CABRERA,

                 Plaintiffs,

        -against-

THOMAS SCHAFER and DREAM TEAM
TAVERN CORP., doing business as
Tommy's Place,

                Defendants.
--------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
12-CV-6323 (ADS) (AKT)

**APPEARANCES:**

**Frank & Associates, P.C.**
*Attorneys for the Plaintiff*
500 Bi-county Boulevard, Suite 112N
Farmingdale, NY 11735
        By: Neil Frank, Esq.
            Alyssa T Marino, Esq.
            Patricia Lynne Boland, Esq., Of Counsel

**Gruenberg & Kelly, PC**
*Attorneys for the Defendants*
3275 Veterans Highway B-9
Ronkonkoma, NY 11779
        By: Sean Patrick Kelly, Esq.
            Zachary M Beriloff, Esq.
            Glenn E Auletta, Esq. Of Counsel

**SPATT, District Judge**.

On April 7, 2014 the Plaintiff Efrain Reyes Cabrera (the "Plaintiff") filed an amended

complaint against his former employers Thomas Schafer ("Schafer") and Dream Team Tavern

Corp., doing business as Tommy's Place ("Tommy's Place" and collectively, the "Defendants").

The Plaintiff asserts that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201

*et seq.* (the "FLSA") and New York Labor Law § 650 *et seq.* for failing to pay him overtime

wages and spread of hours wages; and violated NYLL § 195 for failing give the Plaintiff proper

notice of his rate of pay and the basis for calculating his rate of pay.

The Defendants deny the Plaintiff's claims, asserting that they did not fail to pay the Plaintiff overtime compensation; the Plaintiff did not work more than forty hours per week; the Defendants maintained accurate documentation regarding the hours worked by the Plaintiff and the wages paid to him; and the Defendants notified the Plaintiff of his rate of pay and the basis of his rate of pay in compliance with NYLL § 195.

Jury selection is scheduled for April 25, 2016.

Presently before the Court is (i) a motion *in limine* by the Defendants pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 201 for an order taking judicial notice of adjudicative facts related to a hearing before the Workers' Compensation Board of the State of New York (the "Workers' Compensation Board"); and (ii) a motion *in limine* for an order admitting into evidence at trial the Plaintiff's purported Social Security Card and Resident Alien Card.

For the reasons set forth below, the Defendants' motions *in limine* are denied.

## I. DISCUSSION

### A. As to Judicial Notice

As noted, the Defendants request that the Court take judicial notice of adjudicative facts related to a Workers' Compensation Board proceeding initiated by the Plaintiff seeking compensation for an alleged injury that he suffered while working for the Defendants. (See Auletta Decl., Ex. 1.) In support of their request, they attach a transcript from a June 3, 2013 hearing before Workers' Compensation Law ("WCL") Judge Michael Rubino (the "June 3, 2013 Hearing"), during which the Plaintiff testified that on November 2, 2012, he was injured, "move[ing] the case[s]" as part of his duties as a cook for the Defendants. (Id. at 3–4.) Also at the  hearing, the attorney for Rochdale Insurance Company, the Defendants' insurance carrier, offered evidence of an unsigned time card purportedly showing that the Plaintiff was not at work

2

on November 2, 2012, the day he claimed to have been injured, as well as testimony of the Defendant Schafer that the Plaintiff was not at work on that day.  (Id. at 12–21.)

 At the conclusion of the hearing, the WCL Judge Rubino ruled from the bench, "I cannot conclude that there was any such accident, this claim is an obvious afterthought and disallowed." (Id. at 23.)

The Defendants also attach to their motion, a copy of a July 8, 2014 decision rendered by the Administrative Review Division of the Workers' Compensation Board affirming Judge Rubino's decision (the "July 8, 2014 Appeals Decision"). (See Auletta Decl., Ex. 3.)

Based on these decisions, the Defendants request that the Court take judicial notice of certain quotes from the June 3, 2013 Hearing and the July 8, 2014 Appeals Decision as well as other facts purportedly gleaned from the decisions.  (See Auletta Decl., at ¶ 10.)

Fed. R. Evid. 201(b) states that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The Defendants appear to assert — without providing any legal authority in support of their position — that the quotes and other alleged facts gleaned from the decisions of the Workers' Compensation Board fall under the provisions of Subsection 201(b)(2), and therefore the Court must take judicial notice of them.  (See Auletta Decl. at ¶¶ 2–3.)

For his part, the Plaintiff contends that he was not afforded "proper due process" in the Workers' Compensation proceedings because he is a Spanish speaker and "was not provided with an interpreter at the Worker's [sic] Compensation hearing."  (Boland Decl. at ¶¶ 4–7.) Thus, he asserts that judicial notice should be not be taken of the June 3, 2013 Hearing and the

July 8, 2014 Appeals Decision because "[the] Plaintiff disputes the facts presented at the Workers' Compensation hearing as a result of his inability to understand the questions without an interpreter." (Id. at ¶ 10.)

Fed. R. Evid. 201(c) provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." In a civil case, once the court takes judicial notice of adjudicative facts under Rule 201(c), "there is to be no evidence before the jury in disproof," and "[t]he judge instructs the jury to take judicially noticed facts as established." Fed. R. Evid. 201, Advisory Committee Note G.

Accordingly, "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998); see also Canadian St. Regis Bank of Mohawk Indians v. New York, No. 5:82-CV-0783, 2013 WL 3992830, at *12 (N.D.N.Y. July 23, 2013) ("With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy. This tradition of circumspection appears to be soundly based, and no reason to depart from it is apparent.") (quoting Fed. R. Evid. 201, Advisory Committee Note B)).

"[T]he rules concerning judicial notice of other proceedings are not as straightforward as they first appear; indeed, when it comes to taking judicial notice of other court proceedings, 'courts frequently get it wrong.'" Guzman v. United States, No. 11 CIV. 5834 (JPO), 2013 WL 543343, at *4 (S.D.N.Y. Feb. 14, 2013) (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106.4 at 234 (2d ed. 2005)).

In that regard. courts routinely "take judicial notice of documents filed in other courts," including workers' compensation hearings.  See Svensson v. Securian Life Ins. Co., 706 F. Supp. 2d 521, 534 n.18 (S.D.N.Y. 2010) ("The Court . . . properly can take judicial notice of the Workers' Compensation Board's decision that is to the same effect."); Pelosi v. Spota, 607 F. Supp. 2d 366, 371 (E.D.N.Y. 2009) ("Thus, in the instant case, the Court can consider all of the documents attached to plaintiff's complaint, including the psychiatric evaluation and the relevant portion of the transcript of the 1995 Workman's Compensation trial in state court. In any event, the Court can take judicial notice of the transcript and exhibits from these state proceedings.").

However, and importantly, a court may only take judicial notice of documents from prior proceedings "to establish the fact of such litigation and related filings" and "not for the truth of the matters asserted in the other litigation."  Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); see also Elliott v. Nestle Waters N. Am. Inc., No. 13 CIV. 6331 RA, 2014 WL 1795297, at *8 (S.D.N.Y. May 6, 2014) ("[T]he Court may properly take judicial notice of the decisions to the extent that they establish that such decisions were rendered, though not to establish the truth of any matter asserted in the decisions.").

For example, in Guzman v. United States, *supra*, on a motion to dismiss, a district court rejected a defendants' request to take judicial notice of various facts related to a decision rendered in a prior criminal proceeding.  2013 WL 543343 at *3–4.  That is because the court found that the defendants' request was "tantamount to accepting as true" the underlying testimony and findings of fact in the prior court order, which the court found would be improper. Id.  at *4.  Accordingly, the court took judicial notice of the prior order but did not consider the prior judge's "findings of fact, nor the testimony cited in his opinion."  Id.; see also Corley v. Jahr, No. 11 CIV. 9044 (RJS) (KNF), 2013 WL 265450, at *6 (S.D.N.Y. Jan. 24, 2013), *report

*and recommendation adopted*, No. 11 CIV. 9044 (RJS) (KNF), 2013 WL 1453367 (S.D.N.Y. Mar. 28, 2013) ("However, the Court does not take judicial notice of any factual findings recited in the state courts' opinions or any conclusions based on those findings, since those findings are not admissible for their truth in this action.").

Here, the Defendants do not simply ask the Court to take judicial notice of the facts that the Plaintiff initiated a proceeding before the Workers' Compensation Board, a WCL Judge denied his request, and the Workers' Compensation Board denied his subsequent appeal.  Rather, they ask the Court to take judicial notice of select quotes from the June 3, 2013 Hearing and the Board's July 8, 2014 Appeals Decision.

The Court finds the Defendants' request to be improper for a number of reasons.

First, the Defendants seeks to establish the truth of the quotes and factual findings made by another judge in another case, which**,** under the cases cited above, the Court cannot do under the guise of Rule 201.

Second, the Plaintiff disputes the facts underlying much of the testimony in the June 3, 2013 Hearing and the Board's July 8, 2014 Appeal Decision.  To take judicial notice of such testimony at this juncture would require the Court to instruct the jury that the testimony cited by the Defendants is established and cut off any attempt by the Plaintiff to introduce information to rebut the truth of that testimony and the import of its meaning to this case.  Doing so would be both improper under the plain language of the Rule and would also be unfair to the Plaintiff.  See Fed. R. Evid. Rule 201(b) (limiting judicial notice to facts "not subject to reasonable dispute"); Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) ("Facts adjudicated in a prior case do not meet either test of indisputability contained in

6

Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.").

Third, as a practical matter, pulling out selective quotes from the June 3, 2013 Hearing and the July 8, 2014 Appeals Decision, devoid of any context, while neglecting other quotes from those sources which could be favorable to the Plaintiff, would be both confusing to the jury and prejudicial to the Plaintiff.

For these reasons, the Court denies the Defendants' request to take judicial notice of the adjudicative facts outlined in the Defendants' motion *in limine*.

## B. As to the Plaintiff's Allegedly Forged Social Security Card and Resident Alien Card

The Defendants also seek an order admitting into evidence the Plaintiff's allegedly forged Social Security Card and Resident Alien Card for the purpose of attacking the Plaintiff's credibility.  (See Auletta Decl. at ¶ 11.)

Specifically, the Defendants obtained in discovery a copy of a Social Security Card and Resident Alien Card that the Plaintiff allegedly gave to the Defendant Schafer.  (See id. at ¶¶ 6–8.)  However, at the June 3, 2013 Hearing before the Workers' Compensation Board, the Plaintiff testified that he did not have papers authorizing him to work in the United States.  (Id. at ¶ 10.)  According to the Defendants, this testimony gives rise to the inference "that the Resident Alien Card and Social Security Card given by the [P]laintiff to the [D]efendant was a forgery." (Id. at ¶ 11.)  As a result, the Defendants claim that this evidence is highly relevant to the Plaintiff's credibility and should therefore, be admitted at the trial.  (See id.)

For his part, the Plaintiff (i) disputes that the Resident Alien Card and Social Security Card are relevant to his FLSA and NYLL claims; and (ii) asserts that even if this evidence is relevant to his credibility, it is highly prejudicial and is therefore, not admissible under Fed. R.

Evid. 403.  (Boland Decl. at ¶¶ 5–10.)  The Court agrees with the Plaintiff's second argument and thus, need not reach his first contention.

Relevant evidence may "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Thus, "[w]here an employee witness had falsely attested to United States citizenship or had fabricated naturalization documents, evidence of the employee's illegal immigration status might well be relevant to credibility. However, the Court would still have to determine whether the probative value of such evidence was substantially outweighed by the risk of unfair prejudice or confusion, see Fed. R. Evid. 403, including the potential chilling, *in terrorem* effect on undocumented alien employees who might be deterred from coming forward to report FLSA infractions or to testify at trial."  Solis v. Cindy's Total Care, Inc., No. 10 CIV. 7242 PAE, 2011 WL 5170009, at *2 (S.D.N.Y. Oct. 31, 2011).

The Plaintiff cites to a number of cases in this District that have precluded discovery into or admission at trial of testimony relating to a plaintiff's immigration status or authorization to work in FLSA cases, even where the Plaintiff's credibility is at issue.  See Francois v. Mazer, No. 09 CIV. 3275 (KBF), 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) ("The Court's concerns regarding the relevance and prejudice of evidence related to plaintiff's immigration status pertain equally to its use as support for any claim or defense and its use to cross—examine the credibility or character of plaintiff. '[W]hatever value the information might hold as to impeachment is outweighed by the chilling and prejudicial effect of disclosure.'") (quoting Barrera v. Boughton, 07 Civ. 1436, 2010 U.S. Dist. LEXIS 26081, at *17, 2010 WL 1240904 (D.

8

Conn. Mar. 19, 2010)); Widjaja v. Kang Yue USA Corp., No. 09 CV 2089 (RRM), 2010 WL

2132068, at *1 (E.D.N.Y. May 20, 2010) ("'While it is true that credibility is always at issue,

that does not by itself warrant unlimited inquiry into the subject of immigration status . . . .'

'[T]he opportunity to test the credibility of a party . . . does not outweigh the chilling effect that

disclosure of immigration status has on employees seeking to enforce their rights.'") (alterations

in original) (quoting Rengifo v. Erevos Enterprises, Inc., No. 06 CV 4266, 2007 WL 894376 at

*1 (S.D.N.Y. March 20, 2007)).

      The Court has identified other similar cases. See Rosas v. Alice's Tea Cup, LLC, 127 F.

Supp. 3d 4, 11 (S.D.N.Y. 2015) ("Even if evidence regarding immigration status were relevant,

'the risk of injury to the plaintiffs if such information were disclosed outweighs the need for its

disclosure' because of the danger of intimidation and of undermining the purposes of the

FLSA."); Corona v. Adriatic Italian Rest. & Pizzeria, No. 08 CIV. 5388 (KNF), 2010 WL

675702, at *1 (S.D.N.Y. Feb. 23, 2010) ("Having considered and balanced the legitimate needs

of the defendants to challenge the plaintiffs' credibility against the need for an efficient and

economical trial, and recognizing that the defendants are free to employ all other means and

methods typically available to litigants to attack the credibility of a witness, the Court concludes

it is reasonable and appropriate to bar the defendants, at the trial, from inquiring into the

immigration status of the plaintiffs.").

      Similarly, in this case, the Court finds that although the evidence that the Plaintiff may

have given the Defendant Schafer forged immigration documents may be relevant to the

Plaintiff's credibility, the evidence would also be highly prejudicial to the Plaintiff because of

the likelihood that it will lead the jury to be improperly biased against the Plaintiff because of his

status as an illegal immigrant. Moreover, the Court is also cognizant of the "chilling effect" that

disclosure of his immigration status may have on his own decision to testify and the decision of other employees to enforce their rights under the FLSA in future cases.

For these reasons, the Court finds that the prejudicial effect of the Plaintiff's purported Resident Alien Card and Social Security Card outweigh their probative value.  Accordingly, the Court denies the Defendants' motion to admit these documents at trial.

## II. CONCLUSION

For the foregoing reasons, the Court hereby denies the Defendants' motion *in limine* for an order taking judicial notice of facts related to the proceedings initiated by the Plaintiff before the Workers' Compensation Board; and denies the Defendants' motion *in limine* for an order admitting into evidence the Plaintiff's purported Social Security Card and Resident Alien Card.

**SO ORDERED.**
Dated: Central Islip, New York
April 13, 2016

  */s/ Arthur D. Spatt*
  ARTHUR D. SPATT
  United States District Judge