**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
EFRAIN REYES CABRERA,

                Plaintiffs,

             -against-

DREAM TEAM TAVERN CORP., doing business as Tommy's Place, and THOMAS SCHAFER

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
12-CV-6323 (ADS) (AKT)

**APPEARANCES:**

**Frank & Associates, P.C.**
*Attorneys for the Plaintiff*
500 Bi-county Boulevard, Suite 112N
Farmingdale, NY 11735
    By: Neil Frank, Esq.
       Alyssa T Marino, Esq.
       Patricia Lynne Boland, Esq., Of Counsel

**Gruenberg & Kelly, PC**
*Attorneys for the Defendants*
3275 Veterans Highway B-9
Ronkonkoma, NY 11779
    By: Sean Patrick Kelly, Esq.
       Zachary M Beriloff, Esq.
       Glenn E Auletta, Esq. Of Counsel

**SPATT, District Judge**.

      In an April 13, 2016 Decision, the Court denied a motion *in limine* by the Defendants Dream Team Tavern Corp., doing business as "Tommy's Place" ("Tommy's Place") and Thomas Schafer ("Schafer" and collectively, the "Defendants") for an order taking judicial notice pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 201 of adjudicative facts related to a hearing initiated by the Plaintiff Thomas Schafer (the "Plaintiff") before the Workers' Compensation Board of the State of New York (the "Workers' Compensation Board").

1

Specifically, the Defendants submitted a copy of the transcript of a June 3, 2013 hearing before Workers' Compensation Law ("WCL") Judge Michael Rubino (the "June 3, 2013 Hearing") which indicated that (i) the Plaintiff had initiated a Workers' Compensation claim that he was injured on November 2, 2012 while employed as a cook for the Defendants; and (ii) Judge Rubino denied the Plaintiff's claim at the hearing. The Defendants also attached a copy of a July 8, 2014 decision rendered by the Administrative Review Division of the Workers' Compensation Board affirming Judge Rubino's decision (the "July 8, 2014 Appeals Decision").

Based on the transcript of the June 3, 2013 Hearing and the July 8, 2014 Appeals Decision, the Defendants sought an order taking judicial notice pursuant to Fed. R. Evid. 201(b) of quotes and other alleged facts purportedly gleaned from the decisions of the Workers' Compensation Board.

Ultimately, the Court denied the Plaintiff's request for three reasons:

First, the Defendants seeks to establish the truth of the quotes and factual findings made by another judge in another case, which, under the cases cited above, the Court cannot do under the guise of Rule 201.

Second, the Plaintiff disputes the facts underlying much of the testimony in the June 3, 2013 Hearing and the Board's July 8, 2014 Appeal Decision. To take judicial notice of such testimony at this juncture would require the Court to instruct the jury that the testimony cited by the Defendants is established and cut off any attempt by the Plaintiff to introduce information to rebut the truth of that testimony and the import of its meaning to this case. Doing so would be both improper under the plain language of the Rule and would also be unfair to the Plaintiff. See Fed. R. Evid. Rule 201(b) (limiting judicial notice to facts "not subject to reasonable dispute"); Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir 1998) ("Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.").

Third, as a practical matter, pulling out selective quotes from the June 3, 2013 Hearing and the July 8, 2014 Appeals Decision, devoid of any context, while neglecting other quotes from those sources which could be favorable to the Plaintiff, would be both confusing to the jury and prejudicial to the Plaintiff.

(The Apr. 13, 2016 Order at 6–7.)

Presently before the Court is a renewed motion *in limine* by the Defendants. This time the Defendants seek to take judicial notice of the facts that:

(i) the [P]laintiff initiated a proceeding before the Workers' Compensation Board;

(ii) the WCL Judge denied his request; [and]

(iii) the Workers' Compensation Board denied his subsequent appeal.

(See Auletta Decl., Dkt. No. 73, at ¶ 5.)

In support, they rely on the statement in the Court's April 13, 2016 Decision that judicial notice can be taken "to establish the fact of such litigation and filings" and "not for the truth of the matters asserted in the other litigation." (Id. at ¶ 3.) Because the Defendants allege that they are now only seeking to establish the facts that the Plaintiff initiated the Workers' Compensation proceeding and lost — and not the truth of the matters underlying those proceedings — they claim that the Court must take judicial notice of these facts pursuant to Fed. R. Evid. 201. (See id. at ¶¶ 3–5.)

In opposition, the Plaintiff "concedes that this Court may properly take notice of the fact that the Plaintiff *initiated* a proceeding before the Workers' Compensation Board." (The Pl.'s Opp'n Mem. of Law at 1–2) (emphasis in original). However, he contends that the Court "should not take judicial notice of the fact that the WCL Judge *denied* the Plaintiff's request and that the Workers' Compensation denied his subsequent appeal." (Id.) (emphasis in original). That is because the Plaintiff intends to offer evidence that he was not provided an English interpreter at the June 3, 2013 Hearing, and therefore, his testimony at that hearing was not accurate and the decisions by the WCL Judge and the Workers' Compensation Board were flawed. (See id. at 2–3.) As taking judicial notice of the facts that the Plaintiff's Workers'

Compensation claim was denied may cut off his right to introduce such testimony, the Plaintiff argues judicial notice is inappropriate here. (See id.)

In addition, the Plaintiff asserts that even if the Court could take judicial notice of these facts pursuant to Fed. R. Evid. 201, the Court should still deny the Defendants' motion because "taking judicial notice of the fact that [the] Plaintiff's Workers' Compensation claim was denied by another Judge would be highly prejudicial to [the] Plaintiff," and thus inadmissible under the balancing test of Fed. R. Evid. 403.

The Defendants are correct that "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); see also Elliott v. Nestle Waters N. Am. Inc., No. 13 CIV. 6331 RA, 2014 WL 1795297, at *8 (S.D.N.Y. May 6, 2014) ("[T]he Court may properly take judicial notice of the decisions to the extent that they establish that such decisions were rendered, though not to establish the truth of any matter asserted in the decisions.").

The facts sought to be established here — namely, that (i) the Plaintiff initiated a proceeding before the Workers' Compensation Board; (ii) the WCL Judge denied his request; and (iii) the Workers' Compensation Board denied his subsequent appeal — are much closer to establishing the fact that the Workers' Compensation proceedings occurred, and not the truth of the matter asserted in those proceedings. Indeed, as the Defendants correctly note, in its April 13, 2016 Decision, the Court even suggested, albeit in *dicta*, that these facts would be admissible under the standards described above. Specifically, the Court stated:

> Here, the Defendants do not simply ask the Court to take judicial notice of the facts that the Plaintiff initiated a proceeding before the Workers' Compensation Board, a WCL Judge denied his request, and the Workers' Compensation Board denied his subsequent appeal. Rather, they ask the Court to take judicial notice of

select quotes from the June 3, 2013 Hearing and the Board's July 8, 2014 Appeals Decision.

(The Apr. 13, 2016 Order at 5–6.)

However, the Court is also sensitive to the concern expressed by the Plaintiff that taking judicial notice of the facts that the Plaintiff's Workers' Compensation claim was denied by a WCL Judge and denied on appeal by the Workers' Compensation Board would cut off his ability to challenge the facts underlying those proceedings at trial.  That is because, as the Court noted in its April 13, 2016 Decision, "the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence," and as such, "caution must be used in determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).  This is a harsh remedy indeed and would be highly prejudicial to the Plaintiff.

In addition, courts and commentators have required that noticed facts be relevant.  See United States v. Emmons, 524 F. App'x 995, 997 (6th Cir. 2013) (Per Curiam) ("Federal courts may take judicial notice of proceedings that are relevant to the matter at hand."); Whiting v. AARP, 637 F.3d 355, 364 (D.C. Cir. 2011) ("[T]he district court may take judicial notice in ruling on a motion to dismiss, . . . the matters to be noticed must be relevant.") (citation omitted); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); see also § 5104 Facts Judicially Noticeable; Indisputability, 21B Fed. Prac. & Proc. Evid. § 5104 (2d ed.) ("Although judicial notice is not 'evidence' so Rule 402 does not apply and Rule 201 does not require the noticed fact to be 'relevant', courts would be foolish to take judicial notice of an irrelevant fact.").

5

Here, the Plaintiff's claims relate solely to his allegations that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and New York Labor Law § 650 *et seq.* ("NYLL") for failing to pay him overtime wages and spread of hours wages; and violated NYLL § 195 for failing give the Plaintiff proper notice of his rate of pay and the basis for calculating his rate of pay.

By contrast, the Workers' Compensation proceeding related to the Plaintiff's claim that he was injured while on the job. None of the Plaintiff's claims in this action relate to those injuries. In support of their first motion *in limine*, the Defendants asserted that the Plaintiff's testimony before the Workers' Compensation proceeding was highly relevant to the Plaintiff's credibility in this action. However, the Plaintiff has not yet testified in this matter. Thus, the Court finds it is premature at this junction to conclude that any testimony given by the Plaintiff at the Workers' Compensation proceeding is relevant.

For these reasons, the Defendants' motion is denied in its entirety. In the event that the Plaintiff does testify at the trial, the Defendants may cross-examine the Plaintiff using his sworn testimony from the June 3, 2013 Workers' Compensation Hearing.

**SO ORDERED.**
Dated: Central Islip, New York
April 22, 2016

                                                      __*/s/ Arthur D. Spatt*____
                                                         ARTHUR D. SPATT
                                               United States District Judge