UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EFRAIN REYES CABRERA,                           Civ. No. 12-CV-6323(ADS)(AKT)

Plaintiff,                                      **DEFENDANT'S PROPOSED JURY CHARGES**

-against-

DREAM TEAM TAVERN CORP. d/b/a
TOMMY'S PLACE and THOMAS SCHAFER,

Defendants.
----------------------------------------------------------------X

Defendants, DREAM TEAM TAVERN CORP. d/b/a, TOMMY'S PLACE and THOMAS SCHAFER, represented by senior trial counsel of the law firm of Gruenberg Kelly Della, hereby submits the following jury charge requests in the above-entitled matter:

### Instruction No.: 1

### General Civil Instructions:

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## Instruction No.: 2

## Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened- that is, in reaching your decision as to the facts-it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also you duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

## Instruction No.: 3

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, to the extent that I did not let you hear the answers to some of the questions that the lawyers asked, or ruled that you could not see some of the exhibits that the lawyers wanted you to see, or ordered you to disregard things that you saw or heard, or struck things from the records, you must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## Instruction No.: 4

**Use of depositions as evidence:**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath *[or on a videotape]*. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Instruction No.: 5**

**Number of witnesses**

The weight of the evidence is not necessarily determined by number of witnesses testifying to the existence or nonexistence any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as again the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**Instruction No.: 6**

**Inferences and Presumptions**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inference as seem justified in light of your experience.

**Instruction No.: 7**

**Evidence Direct and Circumstantial Inferences**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply required that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference us a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## Instruction No.: 8

## Stipulations

In this case, the parties have agreed that certain facts are not disputed. Their agreements is set forth in stipulations presented to the Court. Because the stipulations are facts which are not disputed, no additional evidence is required with regard to those facts and you must consider those facts as having been proved. You are instructed that the parties have stipulated, or agreed, that the following facts are not disputed.

1. Plaintiffs were employed by Defendant at all times relevant to their claims for overtime compensation;
2. At all times relevant to Plaintiff's claims, Defendant was an employer subject to the FLSA requirements;
3. The earliest date of employment with Defendant for all Plaintiff's was in September, 2005;
4. Defendant paid Plaintiffs more than the minimum wage required by the FLSA;
5. Defendant paid Plaintiffs "straight time" for all hours worked by Plaintiffs;
6. Plaintiffs voluntarily terminated their employment with Defendant.
7. Plaintiff made no changes to his sworn deposition testimony, taken on March 20, 2014.

## Instruction No.: 9

## Credibility of Witnesses

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration each witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony. You should also consider the bias, prejudice, or

interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the credibility of the witness.

### Instruction No.: 10

### Impeachment of Witness

A witness may be discredited or impeached by contradictory evidence, by showing that he testified falsely concerning a material matter, or by evidence that on some former occasion the witness has said or done something inconsistent with the witness's testimony at trial. Evidence of this kind may be considered by you in connection with all the other facts and circumstanced in evidence in deciding the weight to be given the testimony of that witness.

### Instruction No.: 11

### Objections and Rulings

It is sworn duty of the attorney on each side of a case to object when the other side offers testimony or exhibits which that attorney believed are not properly admissible. Only by raisins an objections can a lawyer request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you who I believe should win or lose the case.

### Instruction No.: 12

### Failure to call available witness

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called with witness and did not.

### Instruction No.: 13

### Suppression or fabrication of evidence

If you should find that a party willfully fid evidence in order to prevent its being presented in this trial, you may consider such hiding in determining what inferences to draw from the evidence or facts in the case.

## Instruction No.: 14

### Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight of their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

## Instruction No.: 15

### Testimony of perjurer:

All testimony of an admitted perjurer should always be considered with caution and weighted with great care.

## Instruction No.: 16

### Impeachment – Inconsistent statement or conduct *(falsus in uno falsus in omnibus)*:

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Instruction No.: 17**

**Effect of prior inconsistent statements or conduct:**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be so considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


**Instruction No.: 18**

**ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS**

To prevail on his claim for overtime compensation, each plaintiff must prove the following essential elements by a preponderance of the evidence:

1. The plaintiff was employed by the defendant during the time period at issue;
2. The defendant is an enterprise engaged in commerce or in the production of goods for commerce;
3. The plaintiff worked hours in excess of 40 hours in a work week or work weeks; and
4. The defendant failed to pay the plaintiff overtime compensation at a rate of one and one-half times the plaintiffs regular rate for the hours worked in excess of 40 hours.

You are instructed that the defendant in this case has stipulated to the facts that each plaintiff was employed by the defendant during the relevant time period.  Defendant has also stipulated to the fact that it was an enterprise engaged in commerce or in the production of goods or commerce, as defined by FLSA.  Therefore, you must find that the first two elements of each plaintiff's burden of proof have been established.

You are further instructed that, under the circumstances of this case, the law does not allow for an employee to agree to waive the protections of the FLSA with respect to overtime compensation.


**Instruction No.: 19**

**Evidence of hours work and compensation received**

To satisfy his burden of showing that he worked more than 40 hours in a work week and was not compensated at the overtime rate, a plaintiff may rely on the employer's payroll records to establish the time worked and the compensation paid. Under the FLSA, the employer has a statutory duty to maintain accurate records of the hours worked by its employees. If the employer does not maintain records of the hours worked by its employees, or maintains incomplete or inaccurate records, the plaintiff's burden of showing the hours worked in a work week and the amount of compensation received for that work week may be satisfied by other evidence sufficient to show, by a just and reasonable inference, the number of hours worked in a work week.

**Instruction No.: 20**

**Employer's Knowledge of Overtime Work**

Defendant is not responsible for payment of overtime wages to a plaintiff unless Defendant knew or should have known that Plaintiff was working overtime. Plaintiffs have the burden of proving, by a preponderance of the evidence, that Defendant knew or should have known that they had worked overtime during the periods at issue.

**Instruction No.: 21**

**Burden of Proof – Preponderance of the Evidence**

The burden of proof is upon each plaintiff to establish by a preponderance of the evidence the essential elements of his claim as set out in these instructions.  Unless the plaintiff proves these essential elements by the preponderance of the evidence, your verdict must be for the defendant as to that plaintiff's claim.

A "preponderance of the evidence" as the term is used in these instructions does not necessarily mean the greater number of witnesses testifying to a fact or set of facts, but means that evidence which to your minds is most convincing and seems most probably true.

When I say in these instructions that a party has the burden of proof by a preponderance of the evidence on any fact of proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

**Instruction No.: 22**

**Causation**

Plaintiff Cabrera has the burden of proving each and every element of the plaintiff's claim by preponderance of the evidence. If you find plaintiff Cabrera has not proved any one of the elements by preponderance of the evidence, you must return a verdict for the defendant.

### Instruction No.: 23

### Defenses

If you find plaintiff Cabrera has proven each of the elements that plaintiff must establish in support of plaintiff's claim, you must then consider defendant's defense as to which defendant THOMAS SHAFER and Dream Team Tavern has the burden of proof by a preponderance of the evidence.

Defendant THOMAS SCHAFER and Dream Team Tavern claims that even if you should find plaintiff Cabrera has proven all the necessary facts that must be proved to establish this claim, the notice of weekly paystub law does not apply because of an exemption from these requirements. The particulars exemption claimed by the defendant THOMAS SCHAFER and dream team tavern is defendant paid plaintiff in full.

In order to receive the benefits of this exemption, defendant THOMAS SCHAFER and Dream Team Tavern has the burden of proving by a preponderance of the evidence that defendant made full payment to the plaintiff each week.

### Instruction No. 24

### Employer's Knowledge of Overtime Work

Defendant is not responsible for payment of overtime wages to a plaintiff unless Defendant knew or should have known that Plaintiff was working overtime. Plaintiff has the burden of proving, by a preponderance of the evidence, that Defendant knew or should have known that they had worked overtime during the periods at issue

### Instruction No. 25

### Meal Periods

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. To qualify as a bona fide meal period, the employee must be relieved from duty during the meal period. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In

other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relating or eating, then the employee is relieved form duty.

On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employees is otherwise relieved of duties during the meal period or by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

### Instruction No.: 26

### Compensatory Damages

If you return a verdict for a plaintiff, then you must determine the issue of actual damages for that plaintiff. Each plaintiff's claimed damages must be considered separately. The measure of damages for an overtime compensation claim is the difference between what the defendant employer should have paid the plaintiff and the amount that the plaintiff was actually paid.

You are instructed that the amount of overtime compensation for work exceeding 40 hours in a work week is calculated by first determining the plaintiff employee's regular hourly rate of pay for the work week for which overtime is claimed. The regular hourly rate of pay was sometimes referred to during this case as the rate used or the calculation of "straight time" paid to the plaintiffs. The regular rate for a work week is the hourly rate actually paid to the plaintiff employee for a normal, non-overtime work week in which he was employed. The overtime rate is one and one-half times the regular hourly rate. If you find that a plaintiff worked more than 40 hours in a work week and did not receive overtime compensation, then you may award him an amount equal to one and one-half times his regular hourly rate for each overtime hour in that work week.

### Instruction No.: 27

### Effect of Instruction as to Damages

The fact that I have instructed you as to the measure of damages should not be considered by you as intimating any view of mine as to which side of this litigation is entitled to receive your verdict. Instructions as to the measure of damages are giver for your guidance, as in all such cases, in the event you should find the issue of liability in favor of one or more of the plaintiffs on their claims from a preponderance of the evidence.

You are instructed that the question of damages is entirely distinct and different from the question of liability, and you should not consider the question of whether or not the plaintiffs

have been damaged until you have first considered and decided the question of whether or not the defendant is liable.

### Instruction No.: 28

### Damages

If you find plaintiff Cabrera has satisfied plaintiff's burden of proving the essential elements of plaintiff's claim by a preponderance of the evidence, and defendant Thomas Schafer and Dream Tram Tavern has not met its burden of proving the existence of an exemption by a preponderance of the evidence, then you should determine what amount of money would compensate the plaintiff.

The measure of damages is the difference between what plaintiff Cabrera should have been paid under the Fair Labor Standards Act and the amount that you find defendant Thomas Schafer and Dream Team Tavern actually paid the plaintiff.

You should find as damages to be awarded in favor of plaintiff Cabrera the amount of money that will compensate plaintiff for the difference between what plaintiff has been paid by defendant Thomas Schafer and Dream Team Tavern and what the Fair Labor Standards Act

### Instruction No.: 29

### No punitive or exemplary damages

If you determine plaintiff Cabrera is entitled to damages, in determining the amount of plaintiff's damages you may not include or add to the damages any sum for the purpose of punishing defendant Thomas Schafer and Dream Team Tavern or serving as an example to warn others

### Instruction No.: 30

### Closing Arguments

Counsel will now be allowed to make closing arguments. You are reminded that what the lawyers say is not evidence, but is intended to assist you in recalling the evidence and to suggest inferences you may wish to draw, but you are not bound by what the lawyers say in closing argument. It is your recollection of the evidence and the inferences you choose to draw that control. Counsel may make reference to the instructions I have given you. In that regard, if there is any inconsistency between what counsel may say about the instructions and the actual instructions I have given to you, you must apply the instructions as I have stated them.

Because the plaintiffs have the burden of proof, the plaintiffs will go first, then the defendant will make a closing argument, and the plaintiffs will complete the arguments by presenting a rebuttal argument.

## Instruction No.: 31

### Note Taking by Jurors

You have been permitted to take notes during the testimony of the case. If you have done so, you may refer to your notes during deliberations and discuss the contents of them with other jurors. In you deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand that must be the basis of your determination of the facts and, ultimately, your verdict in the case.

## Instruction No.: 32

### Communication with the Court

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

## Instruction No.: 33

### Election of foreperson - General Verdict:

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience *[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## Instruction No.: 34

### Duty to Deliberate –Verdict Forms

In a moment to the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for you review.

When you go to the jury room, you should first select a foreperson, who will help to guide you deliberations and will speak for you here in the courtroom. The second thin you should do is review the instructions. Not only will your deliberation be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

## Instruction No.: 35

### Additional Instruction- When jurors fail seasonably to agree

I have a few thoughts for you to consider in your deliberations. You should consider these thoughts with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has been expensive in terms of time, effort, and money to both defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe the case can be tried again, by either side, better or more in more detail than it was tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. There appears no reason to believe that the case could be submitted to (number) people more conscientious, more impartial, or more competent to decide it to that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all who have participated in this trial. The only reason I this mention these facts now is because some of the facts may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters reminding us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time of the case was first submitted to you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict. However, it is your duty as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violating individual judgement. Each of you must decide the case for yourself, but you should only do so after a consideration of the evidence in the case with

your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

In order to bring (numbers) minds to a unanimous result you must reexamine the questions submitted to you with candor and frankness and with proper deference to and regard for opinions of each other. In conferring together, each of you should pay due attention and respect to the views of the others and listen to each others arguments for the purpose of reexamining your views.

You are not partisans. You are judges-judges of the facts. Your sole interest here is to determine whether the plaintiff has proven each essential element of each claim concerning the defendant by preponderance of the evidence. You are the exclusive judges of the credibility of all the witnesses and of the weight and effect off all evidence.

At all times no juror is expected to yield a conscientious belief the juror may have as to the weight or effect of evidence. Remember that, after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgement and your conscience.

You may conduct your deliberations as you choose, but I suggest you carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of the Court's instructions on the law.

You may leisurely in your deliberations as the occasion may require and you may take all the time you may feel is necessary.