UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EFRAIN REYES CABRERA,

                                          Plaintiff,

                                                                                        12-CV-6323 (ADS)(AKT)
      -against-

DREAM TEAM TAVERN CORP. d/b/a TOMMY'S
PLACE and THOMAS SCHAFER

                                        Defendants.
------------------------------------------------------------------------X


## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS


                                                         FRANK & ASSOCIATES, P.C.
                                                         Alyssa T. Marino, Esq.
                                                         Brian A. Bodansky, Esq.
                                                         *Attorneys for Plaintiff*
                                                         500 Bi-County Blvd., #465
                                                         Farmingdale, New York 11735
                                                         (631) 756-0400

The Plaintiff in this case is a former employee of Dream Team Tavern Corp., d/b/a Tommy's Place, which I will refer to as Tommy's Place, and Thomas Schafer, the owner of Tommy's Place, who are collectively referred to as the "Defendants."

The Plaintiff asserts wage claims under the Fair Labor Standards Act, or the "FLSA", which are federal claims. The Plaintiff also asserts claims for unpaid wages under the New York Labor Law, or the "NYLL". For the most part, the claims under the FLSA and the NYLL overlap. Briefly stated, the FLSA and the NYLL require that employees be paid time-and-a-half overtime pay when an employee works more than 40 hours in a workweek. The Plaintiff claims that he was not paid overtime as required by the FLSA and the NYLL.

The Plaintiff also claims that the Defendants violated the NYLL by failing to pay him "spread of hours" pay, which requires that an employee be paid an additional hour of pay at the rate of minimum wage when at least ten hours passes between his start time and end time in a given day. I will explain to you the elements of each of the Plaintiff's claims.

The Plaintiff bears the burden of proving, by a preponderance of the evidence, that they were not properly compensated as required by the FLSA and the NYLL. The Defendants deny the Plaintiff's allegations and claim that the Plaintiff was properly paid. I will now instruct you on the law that applies to these claims.

## Failure to Pay Overtime

Mr. Cabrera is claiming that the Defendants, Tommy's Place and Thomas Schafer, failed to pay him overtime as required by law. Generally, the law requires that employees that work more than forty hours per week be compensated at the rate of one and one half times the minimum wage.[1] If any employee is paid by his or her employer less than the wage to which he

---

[1] 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2; Howard v. Port Authority of New

or she is entitled under the law, "he or she shall recover the amount of any such underpayments… and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee and the employer to work for less than such wage shall be no defense to such action."[2] Mr. Cabrera must prove by a preponderance of the evidence that Tommy's Place and Thomas Schafer failed to properly pay overtime wages. Plaintiff can prove hours worked by just and reasonable inference through his testimony and the testimony of other witnesses. While there need not be precise or documented proof of hours worked, mere speculation and/or non-credible testimony is insufficient to prove hours worked. Once the Plaintiff meets the burden of proving hours worked, the burden shifts to the employer to come forward with evidence of the precise amount of work performed, or with evidence to rebut the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to make such a showing, you may base your verdict on an approximation of the time worked by the employee.

### Record Keeping

I instruct you that employers have a statutory duty to keep accurate records of all time worked by employees. The employee does not have such a duty. The NYLL requires an employer to maintain true and accurate records for no less than six (6) years, including, among other things, the name, address, wages, deductions, and hours worked by each of its employees covered by an hourly minimum wage rate.[3] If a party fails to produce evidence under that

---

York, New Jersey, 684 F.Supp.2d 409, 412 (S.D.N.Y.2010); Ballard v. Community Home Care Referral Serv., Inc. 695 N.Y.S.2d 130 (2d Dept. 1999).

[2] New York Labor Law, Article 19, § 663(1).
[3] New York Labor Law § 661; see also 12 N.Y.C.R.R. § 142-206; Mascol v. E&L Transp., Inc., 387 F. Supp. 2d 87, 93-94 (2005); Hy-Tech Coatings v. N.Y. State Dept. of Labor, 226 A.D.2d 378 (1996); L&M Co. v. N.Y. State Dept. of Labor, 171 A.D.2d 795 (1991).

party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

## Calculating Overtime

The employee's "regular rate of pay" for a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours during the work week.

Each workweek is considered separately and a workweek in which an employee works less than 40 hours cannot be averaged with one in which the employee works more than 40 hours. Thus, if an employee works 30 hours in one workweek, and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond 40 hours in the second week, even though the average number of hours worked in the 2 weeks is 40.

## Willfulness of the Employer

You must decide whether the Defendants acted "willfully" in the failure to pay the wages required by law. If a defendant knew or showed reckless disregard for the fact that its conduct was prohibited, then her conduct is willful. If Defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then its conduct was not willful.

## Reasonable Good Faith Defense

Defendants in this case claim that they are exempt from providing notice of wages earned and hours worked because they "reasonably believed in good faith" that it was not required. This is called an "affirmative defense." The Defendants, not the Plaintiff, have the burden of

proving this.  In order to establish that the Defendants acted "in good faith," the employer must have (1) taken active steps to ascertain what the FLSA requires and (2) to comply with it.[4]

## Damages

If you decide that the Plaintiff is entitled to recover damages, you must enter the amount of damages the Plaintiff is owed for the Defendants' failure to pay overtime wages. Any award you make should be fair in light of the evidence presented at trial. In determining the amount of damages you decide to award, you should be guided by your common sense. You may not award damages based on sympathy or speculation concerning alleged violations of the New York Labor Law.

## Notice Requirement

Plaintiff claims that he was not provided with any notice or statement of wages, hours worked, rate of pay, or a number of other items required by the NYLL. Specifically, NYLL § 195(1) requires that: "[e]very employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; . . . the employer shall obtain from the employee a signed and dated written acknowledgment, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years . . . . For all employees who are not exempt from overtime

---

[4] See Inclan v. N.Y. Hosp. Group, Inc., 95 F. Supp. 3D 490 (S.D.N.Y. 2015); Eschmann v. White Plains Crane Serv., No. 11-CV-5881 (KAM)(VVP), 2014 U.S. Dist. LEXIS 38580 (E.D.N.Y. Mar. 24, 2014).

compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

Additionally, under New York Labor Law § 195(3) "[e]very employer shall: furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

You must determine whether a statement and/or notice was provided to the Plaintiff at the times specified by the law, and whether they contained the information required by the law.

## Spread of Hours

The Plaintiff is also seeking compensation under the Labor Law for what is known as the "spread of hours" provision. This law requires that an employee receive an additional hour of pay at the prevailing minimum wage for any day that the employee's "spread of hours" exceeded ten hours. "Spread of hours" refers to the hours between the start of a workday and the end of a workday. You do not subtract any breaks or any time not worked during the day from the total hours. If over ten hours passes between the time an employee starts work and ends work on a given work day, the employer must pay the employee an extra hour's wages at the minimum wage. For example, if an employee starts work at 9:00 am and ends at 7:30 pm, the

6

employer must pay the worker wages for the 10.5 hours of work actually performed *plus* an additional hour of pay at the minimum wage rate.

      To determine whether spread of hours wages were paid, you must decide, based on the evidence presented, how many days per week, if any, the Plaintiff worked more than 10 hours per day and, if so, whether the Plaintiff was paid for an extra hour at the minimum wage on those days.