UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EFRAIN REYES CABRERA

          Plaintiff,

  -against-

DREAM TEAM TAVERN CORP., DOING BUSINESS AS
TOMMY'S PLACE, and THOMAS SCHAFER,

          Defendants.
----------------------------------------------------------------------X

FILED
CLERK
4/29/2016 1:39 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
12-CV-6323

**Frank & Associates, P.C.**
*Attorneys for the Plaintiff*
500 Bi-county Boulevard, Suite 112N
Farmingdale, NY 11735
  By: Neil Frank, Esq.
    Alyssa T Marino, Esq.
    Patricia Lynne Boland, Esq., Of Counsel

**Gruenberg & Kelly, PC**
*Attorneys for the Defendants*
3275 Veterans Highway B-9
Ronkonkoma, NY 11779
  By: Sean Patrick Kelly, Esq.
    Zachary M Beriloff, Esq.
    Glenn E Auletta, Esq. Of Counsel

**SPATT, DISTRICT JUDGE**

  Familiarity with the facts of this case is presumed. On April 28, 2016, the Court held a pre-charge conference during which it read the proposed jury charge to the parties and their counsel, outside the presence of the jury, and gave them the opportunity to make objections and requests for particular additional charges.

  Brian A. Bodansky, Esq., an attorney for the Plaintiff, requested that the Court include a damages instruction to the jury, which permitted it to award liquidated damages to the Plaintiff under *both* the FLSA and the NYLL. The Court reserved decision on the Plaintiff's request and directed Mr. Bodansky to file a letter indicating whether the Plaintiff is entitled to recover liquidated damages under *both* the FLSA and NYLL.

On April 29, 2016, the following day, Mr. Bodansky filed a letter in which he asserted that the Plaintiff is entitled to recover liquidated damages under both statutes and provided case law supporting this proposition. For the reasons that follow, the Court respectfully disagrees with the decisions cited by the Plaintiff, and instead, follows a string of recent decisions which have found that the Plaintiff is only entitled to recover liquidated damages under one of the statutes, and not both as the Plaintiff contends.

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 150 (2d Cir. 2008); see also 29 U.S.C.A. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). However, "[t]he Portal–to–Portal Act, 29 U.S.C. § 251 *et seq.*, which amended the FLSA, affords district courts discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." Id. (quoting 29 U.S.C. § 260).

The Second Circuit has stated that "[t]he employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999) *holding modified on other grounds by* Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003). "To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" Barfield, 537 F.3d at 150 (quoting Herman, 172 F.3d at 142).

"Like the FLSA, the NYLL provides for liquidated damages in addition to actual damages under some circumstances." Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 504 (S.D.N.Y.

2

2015); see also N.Y. Lab. Law § 663 (McKinney 2015) ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due.").

Prior to November 24, 2009, "an employee was entitled to liquidated damages equal to 25% of the total amount of wages due if [the employer's] failure to pay him was 'willful.'" Kuebel v. Black & Decker Inc., 643 F.3d 352, 366 (2d Cir. 2011) (quoting N.Y. Lab. Law § 198(1–a) (McKinney 2008)). The standard for "willfulness" under the NYLL differed slightly from the "good faith" standard under the FLSA — namely, to demonstrate willfulness, the employee was required to prove that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the NYLL. Id. (quoting Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009)).

However, on November 24, 2009, the New York Legislature amended the NYLL to mirror the FLSA, so that the NYLL "now provides that an employee who prevails on a wage claim is entitled to liquidated damages equal to 100% of the amount of wages found to be due 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" Id. at 366 n. 9 (citing N.Y. Lab. Law § 198(1–a) (McKinney 2011).

Courts in this Circuit are deeply divided over the question posed by the Plaintiff — namely, whether the Plaintiff may recover liquidated damages under both statutes. As the Plaintiff points out, a significant number of courts have found that an employee may recover liquidated damages under both statutes because the statutes serve different purposes. In that regard, the purpose of liquidated damages under the FLSA is to provide "compensation to the employee occasioned by the delay in receiving

3

wages due caused by the employer's violation of the FLSA." United States v. Sabhnani, 599 F.3d 215, 260 (2d Cir. 2010) (quoting Herman, 172 F.3d at 142). By contrast, the purpose of liquidated damages under the NYLL is "to deter an employer's willful withholding of wages due." Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999).

Based on this distinction in purpose, courts have found that a Plaintiff may recover liquidated damages under both statutes. See, e.g., Melgadejo v. S & D Fruits & Vegetables Inc., No. 12CIV6852 (RAH) (BP), 2015 WL 10353140, at *16 (S.D.N.Y. Oct. 23, 2015), report and recommendation adopted sub nom. Melgadejo v. S&D Fruits & Vegetables Inc., No. 12-CV-6852 (RA), 2016 WL 554843 (S.D.N.Y. Feb. 9, 2016) ("I shall follow the majority view and conclude that plaintiffs may recover liquidated damages under both the FLSA and NYLL."); Sanchez v. Viva Nail N.Y. Inc., No. 12-CV-6322 (ADS) (ARL), 2014 WL 869914, at *5 (E.D.N.Y. Mar. 4, 2014) (Spatt, J) (adopting a report and recommendation by United State Magistrate Judge Lindsay stating "[a]lthough '[d]istrict courts in this circuit have disagreed as to whether a plaintiff may secure cumulative awards of liquidated damages under both statutes,' the majority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL.'") (quoting Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12-CV-4390 (RML), 2013 U.S. Dist. LEXIS 177167 (E.D.N.Y. Aug. 20, 2013)).

However, recent decisions have departed from this majority view for several reasons. First, these district courts have found that "'the distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL [is] semantic, exalting form over substance.'" Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 506 (S.D.N.Y. 2015) (quoting Gortat v. Capala Bros., 949 F.Supp.2d 374, 381 (E.D.N.Y. 2013)). "These courts have reasoned that cumulative liquidated damages are inappropriate because '[b]oth forms of damages seek to deter wage-and-hour violations in a manner calculated to compensate the party harmed.'" Inclan, 95 F. Supp. 3d

4

at 506 (quoting Chuchuca v. Creative Customs Cabinets Inc., No. 13 Civ. 2506, 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014)).

Second, the courts have noted that the 2009 amendments to the NYLL, which render the liquidated damages provision nearly identical to its FLSA counter-part, undermine any purported distinction in purpose between the two statutes. See id. ("Even assuming there were once a plausibly substantive distinction between liquidated damages under the FLSA and NYLL, the recent amendments to the NYLL have undermined the basis for such a distinction."); Gortat v. Capala Bros., 949 F. Supp. 2d 374, 381 (E.D.N.Y. 2013) ("I find the distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL as semantic, exalting form over substance, and also not persuasive."); Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 91 n. 11 (E.D.N.Y. 2012) ("To the extent the federal and state statutes now provide for essentially identical remedies with respect to liquidated damages, it is harder to argue that they are designed to compensate a plaintiff for disparate harms.").

The Court finds the latter position — namely, that a plaintiff may not recover liquidated damages under both the NYLL and the FLSA for the same harm — to be more persuasive. The Court agrees with these decisions that the purported distinction in purpose between the liquidated damages provisions is largely semantic and totally undermined by the 2009 amendments to the NYLL. The Court adds that it sees no practical reason why a plaintiff should not be able to recover his single overtime wages under both statutes — which most district courts in this Circuit have held — but should then be permitted to recover liquidated damages under both statutes. If he is not entitled to double recovery of his overtime wages, why then should he be entitled to double-recovery of liquidated damages?

Divining different purposes from the statutes is a speculative answer to that question at best. And, without any particular language in the statutes speaking to this question, or any Second Circuit authority directly addressing it, the Court is not inclined to permit the Plaintiff to recover four times the

amount of his overtime wages in liquidated damages. One award of liquidated damages is sufficient to compensate the Plaintiff for delay in receiving his overtime and to deter the Defendants from future wage and hour violations. See Lopez v. Ploy Dee, Inc., No. 15-CV-647 (AJN), 2016 WL 1626631, at *2 n. 1 (S.D.N.Y. Apr. 21, 2016) ("The Court observes that Plaintiff's calculation of liquidated damages appears to assume that Lopez can recover separate liquidated damages under both the FLSA and NYLL. But there is persuasive authority in this circuit holding that FLSA plaintiffs cannot 'double recover' liquidated damages under both statutes.").

Accordingly, the Plaintiff's request for recovery of liquidated damages under both statutes is denied. The Court will permit the Plaintiff to recover liquidated damages under the NYLL as it provides him with a greater potential recovery than the FLSA, which has a shorter statute of limitations and does not provide for spread of hours wages.

Therefore, the jury will be instructed to decide the questions of (i) whether the Plaintiff has met his burden of proving that the Defendants acted willfully; and (ii) whether the Defendants have met their burden of proving that they acted in reasonable good faith.

If the jury answers the first question "Yes" — i.e. they find that the Defendants acted willfully —, then the Plaintiff will be entitled to 25% of the overtime and spread of hours wages awarded from 2006 to 2009 as liquidated damages. If the jury answers the second question "No," — i.e. they find that the Defendants did not act in reasonable good faith — , then the Plaintiff will be entitled to an additional 100% of the overtime and spread of hours wages awarded from 2009 to 2012 as liquidated damages.

**SO ORDERED**
Dated: Central Islip, New York
April 29, 2016

                                                   _/s/ Arthur D. Spatt_
                                                   ARTHUR D. SPATT
                                             United States District Judge