UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

EFRAIN REYES CABRERA

                           Plaintiff,

      -against-

DREAM TEAM TAVERN CORP., DOING BUSINESS AS
TOMMY'S PLACE, and THOMAS SCHAFER,

                           Defendants.
----------------------------------------------------------------------X

FILED
CLERK
6/29/2016 3:41 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
12-CV-6323

**Frank & Associates, P.C.**
*Attorneys for the Plaintiff*
500 Bi-county Boulevard, Suite 112N
Farmingdale, NY 11735
    By: Neil Frank, Esq.
        Alyssa T Marino, Esq.
        Patricia Lynne Boland, Esq.
        Brian Bodansky, Esq., Of Counsel

**Gruenberg & Kelly, PC**
*Attorneys for the Defendants*
3275 Veterans Highway B-9
Ronkonkoma, NY 11779
    By: Sean Patrick Kelly, Esq.
        Zachary M Beriloff, Esq.
        Glenn E Auletta, Esq. Of Counsel

**SPATT, DISTRICT JUDGE**

      From April 27, 2016 to May 2, 2016, the Court held a five day jury trial on the claims asserted by the Plaintiff Efrain Reyes Cabrera (the "Plaintiff") against his former employers, Thomas Schafer and Dream Team Tavern Corp., doing business as Tommy's Place, for failure to pay overtime, spread of hours wages, and provide proper wage notices under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and the New York Labor Law §§ 650 et seq. (the "NYLL").

      On May 2, 2016, the jury found the Defendants liable for failure to pay spread of hours wages in the amount of $746.75 and found the Defendants not liable with respect to the Plaintiff's remaining claims.

On June 6, 2016, Brian A. Bodansky, Esq. ("Bodansky"), an attorney for the Plaintiff, filed a motion for attorneys' fees.

On June 20, 2016, the Defendants filed a memorandum in opposition to the Plaintiff's application. The Defendants contended that under New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1140 (2d Cir. 1983), the Plaintiff was required to attach contemporaneous billing records. The Defendants also asserted that the amount of hours expended by Bodansky and other attorneys at Frank & Associates, P.C. ("Frank & Associates"), which represented the Plaintiff in this matter, were not reasonable. They also urged the Court to exercise its discretion in denying the Plaintiff's motion because the Plaintiff was unsuccessful on two of the three causes of action. In addition, the Defendants cross-moved for sanctions pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11 because they contended that the Plaintiff's motion was "frivolous."

On June 27, 2016, the Plaintiff filed a memorandum in support of his motion for attorneys' fees asserting that Carey only applied to attorneys' fees for federal claims and not to state law claims, such as the NYLL spread of hours claim that forms the basis of the Plaintiff's attorneys' fees application. He also contended that he provided sufficient supporting documentation for his fee application under the law of this Circuit; and that his successful New York spread of hours claims was inextricably linked with his two other unsuccessful FLSA and NYLL claims and therefore, the Court should not decline to award attorneys' fees on that basis.

In opposition to the Defendants' sanctions motion, the Plaintiff asserted that the motion was procedurally deficient because the Defendants failed to serve their motion separately from any other motion and failed to wait at least 21 days after such service to file their motion. In addition, he asserted that the sanctions motion lacked merit because his fee application was properly supported under existing law. He further contended that the sanctions' motion itself was frivolous, and the Court should in fact issue sanctions against Zachary Beriloff, Esq. ("Beriloff"), one the Defendants' attorneys, and the Defendants for filing the motion in the first place.

2

Rule 11(b)(2) states, "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Rule 11(c)(1), in turn, provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." However, a movant must follow the procedures outlined in Rule 11(c)(2) before filing a motion for sanctions — namely, he or she must serve the motion on his adversary in accordance with Rule 5; and then give his or her adversary 21 days from the date of service to withdraw the offending "paper, claim contention, or denial" before filing the Rule 11 motion in federal court. See Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010) ("[A] Rule 11(c)(2) motion not only must specify the conduct for which sanctions are sought but must not be presented to the court until the alleged violator is afforded twenty-one days to withdraw or correct the offending document.").

The Court agrees that the Defendants' Rule 11 motion is both procedurally and substantively improper.

As to the procedure, on June 28, 2016, Beriloff filed a letter with the Court acknowledging that the Defendants failed to comply with the procedural requirements of Rule 11(c)(2) before filing their cross-motion for sanctions. As such, Beriloff requested that "the filing of that cross-motion be deemed the date of service, June 21, 2016, and that if the plaintiff does not withdraw its motion for attorney's fees within 21 days thereafter, we be permitted to properly file a separate motion for sanctions regarding plaintiff's motion for attorney's fees."

This seems like a reasonable proposal. However, as described below, the Court finds that the Defendants' sanctions motion lacks merit and therefore, it would be futile to permit Beriloff and the Defendants to attempt to cure the procedural deficiency in their motion.

With regard to the substance of the Defendants' Rule 11 motion, the standard for granting such a motion is high. For instance, "[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011). Instead, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" Id. (quoting Morley v. Ciba–Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995)); see also W.K. Webster & Co. v. Am. President Lines, Ltd., 32 F.3d 665, 670 (2d Cir. 1994) ("A pleading, motion or other paper violates Rule 11 either when it 'has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'") (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)).

Even a cursory reading of the Plaintiff's motion for attorneys' fees reveals that he offered billing records in support of his application and that he cites to relevant case law in this Circuit which apparently supports his contention that his proposed attorneys' fees are reasonable. While the Defendants may find the quantum of evidence offered by the Plaintiff to be inadequate, that disagreement is a point of reasonable argument among the parties and does not indicate that the Plaintiff's position lacks any colorable basis under existing law or that his application is utterly lacking in factual support. See Stern v. Leucadia Nat. Corp., 844 F.2d 997, 1005 (2d Cir. 1988) (noting that the Rule 11 sanctions are "targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'") (quoting Eastway, 762 F.2d at 254).

For these reasons, the Defendants' Rule 11 motion is denied both as procedurally and substantively improper.  See Levi & Korsinsky, LLP v. Bower, No. 14CIV. 10069 (AT), 2015 WL 10437758, at *4 (S.D.N.Y. Feb. 16, 2015) ("[T]he Court concludes that Rule 11 sanctions are not justified because the complaint is sufficiently grounded on a factual and legal basis.") (alteration added); Lax v. 29 Woodmere Blvd. Owners, Inc., 812 F. Supp. 2d 228, 242 (E.D.N.Y. 2011) (denying Rule 11 motion because "plaintiff once again fails to demonstrate that counsel acted in bad faith or beyond the objective standard of reasonableness where he cited caselaw and other documents in support of his claims"); Eisenberg v. Yes Clothing Co., No. 90 CIV. 8280(JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak.")

Further, although the Court finds that Beriloff's Rule 11 motion is without merit, in its discretion, the Court declines the Plaintiff's request to sanction Beriloff for filing the Rule 11 motion in the first instance.  The Court is not convinced that an award of attorneys' fees is appropriate or warranted against Beriloff, and instead warns both parties to use Rule 11 sparingly and only in extraordinary circumstances when making future filings in this Court.

In addition, the Court reserves decision on the Plaintiff's motion for attorneys' fees and respectfully refers that motion to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation as to whether the Court should approve the Plaintiff's motion for attorneys' fees, and if so, what amount should be awarded.  The Clerk of the Court is to note the referral.


**SO ORDERED**
Dated: Central Islip, New York
June 29, 2016

                                             _/s/ Arthur D. Spatt_
                                              ARTHUR D. SPATT
                                          United States District Judge