UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
EFRAIN REYES CABRERA,

                Plaintiff,

    -against-

THOMAS SCHAFER, DREAM TEAM TAVERN CORP.,
d/b/a Tommy's Place

                Defendant(s).
-------------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
12-CV-6323 (ADS)(AKT)

**APPEARANCES:**

**Frank & Associates, P.C.**
*Attorneys for the Plaintiff*
500 Bi-County Boulevard
Suite 112N
Farmingdale, NY 11735
    By:    Neil Frank, Esq.,
           Alyssa T Marino, Esq.,
           Brian Bodansky, Esq.,
           Patricia Lynne Boland, Esq., Of Counsel

**Gruenberg Kelly Della**
*Co-Counsel for the Defendants*
700 Koehler Avenue
Ronkonkoma, NY 11779
    By:    Glenn E Auletta, Esq.,
           Sean Patrick Kelly, Esq.,
           Zachary M Beriloff, Esq., Of Counsel

**SPATT, District Judge**:

        Following a jury trial, the Defendants Dream Team Tavern Corp. d/b/a Tommy's Place and Thomas Schafer (collectively, "the Defendants"), were found liable under the New York State labor laws for failure to pay the Plaintiff Efrain Reyes Cabrera (the "Plaintiff") wages for his "spread of hours." The jury found that the Defendants were not liable under Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* (the "FLSA") and New York State labor laws for failing to pay the

Plaintiff overtime or for failing to provide the Plaintiff with pay stubs. The Plaintiff now moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure (FED. R. CIV. P.) 50 on his New York State law pay stub claim. The Defendant cross-moves for judgment as a matter of law pursuant to FED. R. CIV. P. 50 on the New York State law spread of hours claim as well as the liquidated damages on that claim. For the following reasons, both parties' motions are denied.

## I. BACKGROUND

### A. The Relevant Procedural History

The Plaintiff commenced this action on December 12, 2012 by filing a complaint against the Defendants alleging four claims under the FLSA, New York Labor Law (N.Y. LAB LAW) and the New York State Department of Labor rules, codified as N.Y. COMP. CODES R. & REGS. tit. 12, § 146. The Defendants answered on February 13, 2013.

On April 7, 2014, the Plaintiff filed an amended complaint, alleging that the Defendants violated the FLSA and N.Y. LAB LAW by failing to pay him overtime wages; they failed to provide him with pay stubs in further violation of the N.Y. LAB LAW (the "pay stub claim"); and they violated the NYS Department of Labor rules by failing to pay him for his spread of hours as required by N.Y. COMP. CODES R. & REGS. tit. 12, § 146–1.6(a) (the "spread of hours claim").

A jury trial was conducted over the course of three days from April 25, 2016 through May 2, 2016. The jury found the Defendants liable for the spread of hours claim. The Plaintiff was awarded $746.25 in damages, and because the jury found that the Defendants' violation of the law was willful, the damages were doubled, amounting to total damages of $1,492.50. The jury found that the Defendants were not liable for the FLSA and NY Labor Law overtime claims, or for the pay stub claim.

On June 6, 2016, the Plaintiff filed a motion under FED. R. CIV. P. 50 for judgment as a matter of law on his N.Y. LAB LAW pay stub claim. The Defendants filed their response on June 20, 2016 and they cross-moved under FED. R. CIV. P. 50 for judgment as a matter of law on the Plaintiff's spread of hours claim, and on the jury's granting of liquidated damages.

**B. The Relevant Facts**

The trial record was divided into two sets of pages each beginning on page one: the record from April 26, 2016 through April 27, 2016 ("1R."), and the record for May 2, 2016 ("2R.").

The Plaintiff was employed by the Defendants as a cook at Tommy's Place from March 2005 until November 4, 2012. (1R. at 40–41). Once a week, the Plaintiff was paid in cash which was delivered to him in an envelope with his name on it. (*Id.* at 41). The envelope did not contain any paperwork or pay stubs, and he was never provided with any paperwork or pay stubs. (*Id.* at 41–42).

During the trial, Defendants introduced some of the Plaintiff's time cards as evidence. (*Id.* at 70–89). The Defendant Schafer testified that many records, including some time cards, were lost in Hurricane Sandy. (*Id.* at 140). The Defendant Schafer testified that a number of the time cards entered into evidence showed that the Plaintiff worked more than ten hours. (*Id.* at 121–23).

The Defendant Schaefer testified that he believed that he did not need to provide the Plaintiff with pay stubs. He stated: "It's my belief that when someone's paid in full, I'm not required to give a statement for hours. And they [including the Plaintiff] were paid in full." (*Id.* at 126). The Defendant Schaefer further testified:

> Q: And so did you have any reason to doubt the information being provided to you by Cindy in the calculator run that was generated from [the time cards]?
> A: No.
> Q: Because you have that information, what did that tell you, if anything, about the need for a for a paycheck stub?
> A: That it was not required.

3

(*Id.* at 150–51).

In their closing arguments, the Defendants admitted that the Plaintiff proved by a preponderance of the evidence that the Defendants did not provide him with weekly pay stubs. (*Id.* at 57).

## II.  DISCUSSION

### A.  The Legal Standard

In order to disturb a jury's verdict, the Court must find that "a reasonable jury would not have a legally sufficient evidentiary basis to find . . . on that issue." FED. R. CIV. P. 50(a)(1).  The Plaintiff never moved for judgment as a matter of law during the trial.  The Defendants did move for judgment as a matter of law during the trial, but by their own admission their instant motion operates under a different theory.  Since neither party moved for judgment as a matter of law during trial on the theory on which they now proceed, and both now move for judgment as a matter of law under Fed. R. Civ. P. 50(b), "the standard for granting judgment as a matter of law is elevated, and the motion may not properly be granted by the district court, or upheld on appeal, except to prevent manifest injustice." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014) (citing *Lore v City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012)).  Manifest injustice exists when a jury's verdict is wholly without legal support. *Id.*; *Rothstein v. Carriere,* 373 F.3d 275, 291 (2d Cir. 2004); *Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125, 129 (2d Cir. 1999).

### B.  As to whether the Jury's Verdict on the Pay Stub Claim was Manifestly Unjust

The Plaintiff argues that the jury's verdict on the pay stub claim is manifestly unjust because the jury could not have found that the Defendants either believed that they paid the Plaintiff in full or that they believed in good faith that they did not have to provide him with weekly

4

pay stubs if the jury also found that the Defendants owed money and willfully violated the law. The Defendants contend, in opposition, that the willfulness finding only related to the spread of hours claim, and not to the pay stub claim.

The Court agrees with the Defendants that there was legal support for the jury to find that the Defendants were not liable on the pay stub claim.

The New York Labor Law states that an employer:

> shall . . . establish . . . contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee. For all employees who are not exempt from overtime compensation . . . the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

N.Y. LAB. LAW at 195-3.

Section 198–1–d states that "If any employee is not provided . . . statements as required by [195–3], he [] [] shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars . . . ."

The Court instructed the jury on this cause of action and the Defendants' possible affirmative defenses as follows:

> Finally, in the plaintiff's fourth claim he asserts that the defendant violated the notice and record-keeping requirements of the New York Labor Law. On April 9, 2011 the New York legislature passed a law requiring an employer to provide each employee with a "wage statement", which I will call a pay stub, with every payment of wages. So, to establish liability with regard to the pay stubs, the plaintiff is required to prove by a preponderance of the evidence that after July -- withdrawn -- that after April 9, 2011, the defendant did not provide him with a pay stub for every week that he earned wages.
> Now the damages with respect to this particular alleged violation are limited to $250 for every occasion that the plaintiff was provided with wages, but not with an appropriate pay stub up to a maximum of $5,000. Again, the damages with

5

> respect to this particular alleged violation involving the pay stubs are limited to $250 for each occasion that the plaintiff was provided with wages, but not with an appropriate pay stub up to a maximum of $5,000. I'm just going to finish this particular phrase and then you're going to have lunch.
>
> However, New York law provides that the employer may assert two affirmative defenses for failing to provide a wage payment statement for every payment of wages. These affirmative defenses are as follows. First[,] [t]he defendants may assert that they made complete and timely wages, payment of wages to the plaintiff. They made complete and timely payment of wages to the plaintiff. Second[,] [t]hey may assert that they reasonably believed in good faith that they were not required to provide the employee with notice and wage statements described above. If you find that the defendants established either of these two affirmative defenses by a preponderance of the evidence, then you cannot find the defendants liable for this claim of failure to provide adequate notice. And those are two affirmative defenses.

(2R. at 105–06).

The jury found that the Plaintiff failed to establish, by a preponderance of the evidence, that the Defendants "violated the New York Labor Law by failing to provide him with a pay stub during anytime after April 9, 2011 . . . ." (*Id.* at 127). As stated above, the Court charged the jury on two affirmative defenses on the pay stub claim: that they made full payment to the Plaintiff, or a good faith belief that they did not have to provide pay stubs to the Plaintiff. The jury did not state, nor did they have to, which of the affirmative defenses, if any, they found applied to the Defendant.

While the Plaintiff is correct that it might have been illogical for the jury to find that the Plaintiff was not paid in full and then find that the affirmative defense of paying someone in full applied to the Defendants, that was not the only affirmative defense available to the Defendants. The Defendant Schafer testified that he believed that he did not have to provide the Plaintiff with pay stubs. (1R. at 126, 150–51). The jury could have reasonably believed that the Defendants believed in good faith that they did not have to provide the Plaintiff with pay stubs. The jury apparently believed the Defendant Schafer, and, of course, credibility is solely the province of the

jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Mickle v. Morin*, 297 F.3d 114, 120 (2d Cir. 2002) (quoting *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986))).

The Plaintiff's position is not supported by the record. The Court charged the jury on willfulness only in regard to the spread of hour wages and failure to pay overtime. As the Court said, "I'm now going to instruct you on the law of two elements, willfulness and good faith. I will now instruct you on these two additional legal elements that you must make with respect to the defendants, if you find them liable for failure to pay overtime and spread of hour wages." (*Id.* at 108). The Court again specifically stated later, "In addition, you will make two factual determinations that eventually will involve damages. First, did the plaintiff establish by a preponderance of the evidence that the defendants acted willfully in failing to pay the plaintiff overtime and spread of hours wages. And two, did the defendants establish by a preponderance of the evidence that they acted in good faith and with objectively reasonable grounds in failing to pay the plaintiff overtime and spread of hours wages. You will make one of those two determinations." (*Id.* at 112).

The fact that the jury found that the Defendants violation of the spread of hours law was willful does not in turn also mean that they had to find that the Defendants willfully violated the pay stub law. The Court never charged the jury on willfulness regarding the Defendants' failure to provide the Plaintiff with pay stubs, and therefore they were not even asked to consider whether the Defendants' failure to do so was willful.

7

Therefore, as the jury could have found that the Defendants believed in good faith that they did not have to provide the Plaintiff with pay stubs, the Court finds that the jury's verdict as to the pay stub count was not manifestly unjust and denies the Plaintiff's motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50 on the pay stub count.

**C.  As to whether the Jury's Verdict on the Spread of Hours Claim was Manifestly Unjust**

The Defendants argue that the jury's verdict on the spread of hours claim was manifestly unjust because the Plaintiff failed to meet his *prima facie* burden, and that the jury's verdict was merely speculation.  In opposition, the Plaintiff contends that he did meet his *prima facie* burden.  The Court agrees with the Plaintiff.

New York law requires that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."  N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (a) (2011).  The statute defines the spread of hours as "the length of the interval between the beginning and end of an employee's workday," including breaks.  *Id.*

The Defendants introduced some the Plaintiff's time cards into evidence, and the Defendant Schafer testified that several of them illustrated that the Plaintiff worked more than ten hours. (1R. at 121–23).  Although the Plaintiff did not present evidence that the Plaintiff worked more than ten hours a day *every* day, as the Court instructed the jury, "[t]he plaintiff can prove the hours and weeks he worked by a just and reasonable inference. [] [T]here need not be precise or documented proof of the hours he worked . . . ." (2R. at 104).  The jury awarded the Plaintiff $746.75. (*Id.* at 128).  Since the Plaintiff was owed $7.25 for every hour that he worked beyond ten hours, that means that the jury found that the Plaintiff was owed payment for approximately

8

103 hours of work, which roughly translates to one hour per week during the period between January 1, 2011 and December 21, 2012.

An approximation of damages is permitted where the employer fails to maintain accurate time records to dispute Plaintiff's properly pled allegations.  *See*, *e.g.*, *Najnin v. Dollar Mountain, Inc.*, No. 14–CV–5758, 2015 WL 6125436, at *1 (S.D.N.Y. Sept. 25, 2015) (holding that a court may enter judgment for plaintiff even where the result is approximate where the employer fails to proffer evidence to dispute the employee's figures); *Daniels v. 171 O Realty LLC, No. 10 Civ. 22*, 2011 WL 3648245, at *4 (E.D.N.Y. Aug. 17, 2011) (holding that a court may award damages based on an approximation of the employee's loss).

Here, the Defendants did not keep records of when their employees took breaks (1R. at 134–37, 161–62); they discarded the weekly calculations of the hours their employees worked (*Id.* at 124); and many records were destroyed.  (*Id.* at 140).  It is the employer's duty to maintain records of employee hours.  *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 84 (E.D.N.Y. 2012) ("If an employer fails to keep the required records, the plaintiff may meet this burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference") (quoting *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88, 66 S. Ct. 1187, 1192–93, 90 L. Ed. 1515 (1946))); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005); *see also* N.Y. LAB. LAW § 196–a(a).

In the Court's view, there was sufficient evidence before the jury for it to find that the Defendants violated the New York State Department of Labor laws by failing to pay him spread of hours wages.  Therefore, the Court finds that the jury's verdict was not wholly without legal

support, and denies the Defendants' motion for judgment as a matter of law as to the spread of hours claim.

**D. As to whether the Jury's Willfulness Finding Was Manifestly Unjust**

The Defendants further argue that the jury's finding of liquidated damages was improper because the jury should not have been able to find that the Defendants willfully failed to pay the Plaintiff his spread of hours. The Defendants contend they jury could not have possibly found that the Defendants' violation was willful because there was no evidence that the Defendants knew that they had to pay their employees spread of hours. The Plaintiff contends that this "requires little response," and has not responded in any meaningful way. Although the Court disagrees with the Plaintiff's statement, the Court finds that the jury's verdict was not without legal support.

The Plaintiff did not have to prove, by a preponderance of the evidence, that the Defendants *knew* that they had to pay the Plaintiff for his spread of hours. They could have found that they recklessly disregarded the spread of hours requirement. As the Court charged the jury,

> if you find them liable for failure to pay overtime and spread of hour wages . . . then you must decide whether the plaintiff has proven by a preponderance of the evidence that the defendants acted 'willfully' in the failure to pay the overtime and spread of hours wages as required by the law. What does that mean? I[f] the defendants knew or showed reckless disregard for that fact that [their] conduct was prohibited, then [their] conduct was willful.

(2R. at 108).

The trial record is devoid of any evidence that the Defendants undertook any effort to discern their obligations under the New York Labor Law regarding spread of hours. Furthermore, the evidence adduced at the trial showed that there was no way for the Defendants' employees to log their breaks—so there would be no way for the Defendants to calculate the spread of hours. (1R. at 134–37, 161–62). The Defendants were missing many of the Plaintiff's time cards, though they claim that many were lost in Sandy. (*Id.* at 140). Also, the "calculator tape" which showed

how much the Defendants employees were supposed to be paid each week was thrown out after the calculations were made. (*Id.* at 124). These facts taken together are sufficient for the jury to have found that the Defendants recklessly disregarded the spread of hours requirement. *See, e.g., Hernandez v. Jrpac Inc.*, No. 14–CV–4176, 2016 WL 3248493, at *18 (S.D.N.Y. June 9, 2016) ("To be sure, defendants' wholesale failure to maintain records of the hours worked by plaintiffs may be argued to indicate reckless disregard of their legal obligations with respect to employee pay."); *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 315 (S.D.N.Y. 2014) (finding willfulness where the Defendants disregarded and evaded recordkeeping requirements); *Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 337–38 (S.D.N.Y. 2005) (noting that defendant's knowing failure to pay appropriate overtime demonstrated willfulness); *Moon v. Kwon,* 248 F. Supp. 2d 201, 231 (S.D.N.Y. 2002) (finding that defendant's knowing violations of FLSA and NYLL recordkeeping requirements amounted to willfulness).

Therefore, the jury's finding that the Defendants willfully failed to pay the Plaintiff his spread of hour wages was not wholly without legal support. Accordingly, the Court denies the Defendants' motion for a judgment as a matter of law on the issue of liquidated damages.

### III. CONCLUSION

Both parties' motions for judgment as a matter of law are denied. The Plaintiff's motion for judgment as a matter of law pursuant to Fed. R. Civ. P 50 on his pay stub claim is denied, and the Defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P 50 on the Plaintiff's spread of hours claim and liquidated damages is also denied.

It is **SO ORDERED:**

Dated: Central Islip, New York

November 28, 2016                                  _____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge