**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
 EFRAIM REYES CABRERA,

                               Plaintiff,                              **REPORT AND**
                                                                       **RECOMMENDATION**

                                                                       CV 12-6323 (ADS) (AKT)

                 - against -


THOMAS SCHAFER and DREAM TEAM
TAVERN CORP. d/b/a TOMMY'S PLACE,

                               Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.      PRELIMINARY STATEMENT**

On December 21, 2012, Plaintiff Efraim Reyes Cabrera ("Plaintiff") brought the instant

action against Thomas Schafer and Dream Team Tavern Corp. d/b/a Tommy's Place

(collectively, the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq.*, the New York Labor Law  ("NYLL"), Art. 19, § 650 *et seq.* as well as

the New York State Department of Labor Regulations ("N.Y.C.R.R.") §§ 142 and 146-1.6.

Plaintiff claims that Defendants failed to pay overtime wages, failed to pay spread-of-hours

wages and failed to provide proper notice as required by NYLL § 195.  *See generally* Complaint

("Compl.") [DE 1].  Thereafter, on April 7, 2014, Plaintiff filed an Amended Complaint which

named Dream Team Tavern Corp. as a Defendant and included additional facts relevant to

Plaintiff's FLSA and NYLL claims.  *See generally* Amended Complaint ("Am. Compl.")

[DE 40].  Following a jury trial, Judge Spatt referred Plaintiff's Motion for Attorney's Fees and

1

Costs to the undersigned for a Report and Recommendation as to whether the motion should be granted, and, if so, what amount should be awarded. *See* DE 104.

## II.   RELEVANT PROCEDURAL HISTORY

On May 2, 2016, following the trial of this action, the jury rendered a verdict in favor of Plaintiff on his spread-of-hours claim. However, the jury found for Defendants on the claims alleging failure to pay overtime and failure to provide proper pay stubs. *See* DE 91. With respect to Plaintiff's spread-of-hours claim, the jury awarded Plaintiff $746.75 in damages. *See id*. Thereafter, on June 6, 2016, Plaintiff filed the instant motion seeking attorney's fees and costs. DE 96. On June 20, 2016, Defendants filed their opposition to the motion and cross-moved for imposition of Rule 11 sanctions. DE 97. Subsequently, Plaintiff filed his reply on June 27, 2016. DE 100.

Following submission of Plaintiff's fully-briefed motion for attorney's fees and costs as well as Plaintiff's cross-motion opposing Plaintiff's fee application and seeking imposition of sanctions, on June 29, 2016, Judge Spatt issued a ruling deferring a ruling on Plaintiff's application for fees and denying Defendants' cross-motion seeking Rule 11 sanctions. DE 104. As part of that Order, Judge Spatt referred Plaintiff's fee motion to the undersigned for a Report and Recommendation as to whether the motion for fees should be approved and, if so, a determination as to the amount of fees and costs that should be awarded. *See id*. The Court now turns to the instant motion.

## III.   PLAINTIFF'S MOTION FOR ATTORNEY'S FEES & COSTS

### A.  Applicable Law

#### 1.  *Attorney's Fees*

In adjudicating a motion for attorney's fees, both the Second Circuit and the Supreme Court have held that "the lodestar method — the product of a reasonable hourly rate and the

reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable paying client would be willing to pay."  *Arbor Hill*, 522 F.3d at 183-84.

"[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended."  *Pinzon v. Paul Lent Mechanical Sys.*, No. 11 Civ. 3384, 2012 WL 4174725, at *5 (Aug. 21, 2012), *adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184.  "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged."  *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits.  *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir.

2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *see also Joseph v. HDMJ Restaurant, Inc.*, No. 09 Civ. 240, 2013 WL 4811225, at *19 (E.D.N.Y. Sept. 9, 2013) (internal citations omitted); *Pinzon*, 2012 WL 4174725, at *5. Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour. *See Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207, 2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016); *Valdez v. H & S Rest. Operations, Inc.*, No. 14 CV 4701, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *OneWest Bank, N.A. v. Denham* No. CV 14-5529, 2015 WL 5562980, at *12 (E.D.N.Y. Aug. 31, 2015), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation Pension & Welfare Funds v. L&P Interiors, Inc.*, No. CV 14-3316, 2015 WL 5562316, at *13 (E.D.N.Y. Aug. 14, 2015) *adopted by* 2015 WL 5562340 (E.D.N.Y. Sept. 18, 2015); *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251, 2014 WL 1514235, at *14 (E.D.N.Y. Apr. 16, 2014) (collecting cases).

Some "[c]ourts have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) (internal quotations omitted); *see Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 WL 4367222, at *4 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, No. 14-CV-1570, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. CV 153693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), *report and recommendation adopted*, No. 15-CV-3693, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016). Although the Second Circuit has not recently revisited the issue of

what constitutes a reasonable fee within this district since its discussion in *Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir. 2011) (summary order) — which affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour — a number of district courts within this district continue to rely, in part, on *Konits* in determining the appropriate range of fees. *See Morales v. B&M Gen. Renovation Inc.*, No. 14 CV 7290M, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016) (relying, in part, on *Konits* and finding that "the prevailing hourly rate for partners in this district is between $300 and $400); *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3 (same); *Valdez*, 2016 WL 3079028, at *8 (same); *Litkofsky v. P & L Acquisitions, LLC*, No. CV 15 5429, 2016 WL 7167955, at *9 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom. Ira Litkofsky v. P & L Acquisitions LLS*, No. CV 15-5429, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (same); *Gesualdi v. Paladin Constr. Corp.*, No. CV 14-7291, 2016 WL 943589, at *11 (E.D.N.Y. Feb. 18, 2016), *report and recommendation adopted*, 2016 WL 953261 (E.D.N.Y. Mar. 11, 2016) (same); *Brinkmeier v. Round Two Recovery, LLC*, No. CV15 3693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), *report and recommendation adopted*, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016).

As to paralegals, courts in the Eastern District of New York have held that a range of $70 to $100 per hour is a reasonable fee in matters such as this. *See Sciascia*, 2014 WL 940721, at *10 (finding $100 hourly rate for paralegals reasonable in ERISA matter); *Ferrara v. Prof'l Pavers Corp.*, No. 11 Civ. 1433, 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) ("Recently, reasonable hourly rates in this district have ranged from . . . $70 to $100 for paralegals.") (internal citations omitted); *Valdez*, 2016 WL 3079028, at *8.

To determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. 03 Civ. 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *Barbu v. Life Ins. Co. of N. Am.*, No. 12-CV-1629, 2015 WL 778325, at *4 (E.D.N.Y. Feb. 24, 2015). Likewise, where counsel relies on vague / excessive entries or block billing practices which make it difficult for a court to assess reasonableness, an across-the-board fee reduction is warranted. *Anderson v. Cty. of Suffolk*, No. CV 09-1913, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries"); *see Barbu*, 2015 WL 778325, at *5 (imposing a 33% reduction in total hours based upon vague entries and block billing); *Caban v. Employee Sec. Fund of the Elec. Products Indus. Pension Plan*, No. 10–CV–389, 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015) (33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 112 (E.D.N.Y. 2013) (40% reduction due to vague and unrelated entries); *see also Ritchie v. Gano*, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010) (reducing attorneys' fees award by forty percent and holding that "[i]n the instance where a court has directed parties to parse out records to clearly state how much time the attorneys spent on each claim, and the parties have done so insufficiently and have referred to an

unrealistic volume of hours as 'inextricably intertwined' with many claims, the court may also decrease the requested award amount"); *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work).

Further, where counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, "[u]niform percentage cutbacks are warranted." *De La Paz v. Rubin & Rothman,* LLC, No. 11 Civ. 9625, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013); *see Chavez*, 2016 WL 1171586, at *5 (reducing total hours by 30 percent since "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate" and because "some of the work appears to be duplicative of work conducted in other similar FDCPA cases handled by the same counsel"); *Barshay*, 2016 WL 3578993, at *4 (reducing total hours claimed in FDCPA action by 20 percent in light of the duplicative nature of the work, the fact that many of the tasks could have been accomplished by "a less experienced associate" and based upon the overall lack of care taken in preparation of materials submitted to the court).  The party seeking an award of attorneys' fees bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done."  *Cho*, 524 F. Supp. 2d at 209 (internal citations, quotations, and alteration omitted).

### 2. *Costs*

Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients."  *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049, 2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014).  However, it is

incumbent upon the party seeking reimbursement of its costs to provide the Court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid. *See Lee v. Santiago*, No. 12 CIV. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013) ("[I]t is [ ] the requesting party's burden to support its application, and this means that the requested costs must be substantiated . . . A mere assertion that a certain cost was incurred, though, is insufficient, where such an assertion is made in a conclusory fashion in a brief or bill of costs, without a supporting affidavit, declaration, or documentation."); *Volpe v. Nassau Cty.*, No. 12 CV 2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested.") (internal quotation omitted).  In addition, Local Civil Rule 54.1 states that "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,' " and "[b]ills for the costs claimed must be attached as exhibits." *Id.* (quoting *D.J. ex rel. Roberts v. City of New York*, No. 11-CV-5458, 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012), *report & recommendation adopted sub nom. Roberts v. City of New York*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012)).  Generally, the only exception to this rule is where reimbursement is sought for a filing fee.  In such cases, a Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket. *See Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014), *judgment entered sub nom. Douyon v. N.Y. Med. Health Care, P.C.*, No. CV 10-3983, 2015 WL 5821499 (E.D.N.Y. Sept. 30, 2015) ("The Court takes judicial notice of the $350 filing fee reflected on the docket."); *Lee v. Santiago*, No. 12 CIV. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013) ("Court fees that are reflected on the Court's docket are sufficiently substantiated").

### B.  Application to the Facts

#### 1.  *Plaintiff's Statutory Entitlement to Attorney's Fees & Costs*

"Both the FLSA and the NYLL are fee-shifting statutes entitling prevailing plaintiffs to recover attorneys' fees. *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *27 (E.D.N.Y. June 18, 2013); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012).  In the instant case, having prevailed at trial on his NYLL spread-of-hours claim, Plaintiff is entitled to an award of attorney's fees and costs pursuant to the NYLL § 198.  *See* NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees. . . ."); § 198(1) (allowing for "ordinary costs"); § 663(1) ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs and all reasonable attorney's fees. . . ."); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) ("The FLSA provides that a court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) ("In addition to providing for liquidated damages, the FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs."); *Zhang v. Red Mountain Noodle House Inc.*, No. 15-CV-628, 2016 WL 4124304, at *6 (E.D.N.Y. July 5, 2016), *report and recommendation adopted*, No. 15 CV 628, 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016); *Andrade v. 168 First Ave Rest. Ltd.*, No. 14CIV8268, 2016 WL 3141567, at *11 (S.D.N.Y. June 3, 2016), *report and recommendation adopted*, No. 14-CV-8268, 2016 WL

3948101 (S.D.N.Y. July 19, 2016) ("Under the FLSA and NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs.").

In addition, although the fee must be reasonable, it need not be proportional to the recovery since "[t]he purpose of the FLSA attorney fees provision is to inure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.  Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees . . . encourage [s] the vindication of congressionally identified policies and rights."  *Grochowski v. Ajet Constr. Corp.*, 97 Civ. 6269, 2002 WL 465272 at *2 (S.D.N.Y. Mar. 27, 2002) (internal quotations and citation omitted) (alteration in original); *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 519–20 & n. 7 (S.D.N.Y. 2002) ("[A] limited monetary recovery does not preclude a substantial attorneys' fee award, for there is no requirement of proportionality."); *see Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) ("While the requested attorneys' fees exceed plaintiffs' own recovery in the case, that is of no matter.  In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights.").

### 2. *Plaintiff's Failure to Submit Contemporaneous Billing Records is not Fatal to his Fee Application Based Upon his Successful NYLL Claim*

In their opposition to Plaintiff's motion, Defendants assert that "contemporaneous time records are a prerequisite for an attorney's fees in this Circuit."  Memorandum of Law in Opposition to Plaintiff's Application for Attorney's Fees and in Support of Defendants' FRCP 11(B) Cross-Motion for Sanctions ("Defs.' Opp'n") [DE 97-1] at 2 (quoting *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)).  As such, Defendants state

that since Plaintiff "has not provided contemporaneous billing records, plaintiff's counsel's request for attorney's fees must be denied in the entirety." Defs.' Opp'n at 5.

In reply, Plaintiff states that "the Second Circuit has made it clear that <u>Carey</u> does not apply to state claims, as in the instant case, but solely to federal claims." Memorandum of Law in Reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs and In Opposition to Defendants' Rule 11 Motion ("Pl.'s Reply") [DE 100] at 3 (citing *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992)). Specifically, Plaintiff asserts that in *Riordan*, the Second Circuit highlighted the fact that "[s]tate law creates the substantive right to attorney's fees, a right which cannot be deprived by applying the contemporaneous records rule adopted in this Circuit." Pl.'s Reply at 3 (citing *Riordan*, 977 F.2d at 53). Further, Plaintiff claims that even if the strict contemporaneous records rule announced in *Carey* did apply, the Second Circuit has carved out an exception in cases where records may have been destroyed by fire or otherwise rendered irretrievable due to a computer malfunction — the latter circumstance being applicable to the instant case. Pl.'s Reply at 4 (citing *Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010)); *see* Memorandum of Law in Support of Plaintiff's Motion for Attorney' Fees and Costs ("Pl.'s Mem.") [DE 96-1] at 4 n. 4 (stating that "Frank & Associates suffered a recent catastrophic computer virus which permanently encrypted all their files which were saved on or before April 19, 2016.").

In *New York Ass'n for Retarded Children v. Carey*, the Second Circuit addressed a motion for attorney's fees in the context of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d at 1139. In reviewing the District Court's decision — which allowed compensation for 11,034 hours of legal

work performed by plaintiffs' counsel — the Second Circuit, voicing its frustration with the non-contemporaneous nature of the fee application submitted by counsel, stated that

> [i]n reviewing the District Court's ruling on allowable hours, our task in assessing the State's objections has been complicated by plaintiffs' failure to maintain contemporaneous records. It is hard to weigh claims of overstaffing and duplication against the plaintiffs' estimates of hours expended. Without a detailed record of how plaintiffs' attorneys spent their time, we have little choice but to show considerable deference to the District Court's conclusion as to how many hours were reasonably compensable. In light of the difficulties that can be traced to the failure of plaintiffs' attorneys to keep contemporaneous time records, we are tempted to accept the State's proposal that plaintiffs be denied all attorney's fees. There is no excuse for the sparse documentation that accompanied at least portions of plaintiffs' original application for attorney's fees.

*Carey*, 711 F.2d at 1147.  The difficulties encountered by the Second Circuit in reviewing the reasonableness of the fee award in *Carey* prompted the court to require that "[a]ll applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."  *Id*. at 1154.  *See Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (reaffirming the vitality of *Carey* and noting that "absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications.").

Nine years after *Carey* was decided, the Second Circuit confronted the issue whether the contemporaneous records rule, as announced in *Carey*, could foreclose a motion for fees arising from state substantive law where no contemporaneous records were provided for review by the attorney seeking such fees.  *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53-54 (2d Cir. 1992).  The court determined that where "state law creates the substantive right to attorney's fees [such] a right [ ] cannot be deprived by applying the contemporaneous time records rule adopted in this Circuit."  *Id*. at 53; *see Marion S. Mishkin Law Office v. Lopalo*, 767

12

F.3d 144, 147 (2d Cir. 2014) ("Our Court has recognized that in cases in which the right to attorneys' fees is governed by state law, New York's more liberal rule allowing reconstructed records should apply."); *Serin v. N. Leasing Sys., Inc.*, 501 F. App'x 39, 41 (2d Cir. 2012) (recognizing inapplicability of contemporaneous records rule in evaluating fee petitions brought pursuant to substantive state law claims); *see also Scott*, 626 F.3d at 133 ("attorney's fees *allowed by federal law* must be accompanied by contemporaneous time records.") (emphasis added).

District Courts in this Circuit have followed this directive when confronting non-contemporaneous fee applications involving claims arising under state law. *See Farb v. Baldwin Union Free Sch. Dist.*, No. CV 05–0596, 2011 WL 4465051 at *10 (E.D.N.Y. Sept. 26, 2011) ("[I]n cases in which the right to attorney fees is governed by state law, such as a contractual attorneys' fees case, New York's more liberal rule, which allows reconstructed records, should apply."); *6D Glob. Techs., Inc. v. Bei Lu*, No. 15 CIV. 1120, 2015 WL 4946033, at *2 n. 2 (S.D.N.Y. Aug. 20, 2015), *report and recommendation adopted as modified sub nom. 6D Glob. Techs., Inc. v. Lu*, No. 15 CIV. 1120, 2016 WL 1756920 (S.D.N.Y. May 3, 2016); *Schwartz v. Chan*, 142 F. Supp. 2d 325, 331 (E.D.N.Y. (2001) (noting that "the state law substantive right to attorney's fees precludes application of the contemporaneous time records rule.").

In addition, even in cases where a motion for attorney's fees arises under federal law, it appears the Second Circuit has, at least in *dicta*, contemplated some flexibility in the otherwise absolute mandate to provide contemporaneous billing records in conjunction with a fee application. For example, in *Scott*, although the court re-affirmed *Carey's* strict contemporaneous records requirement — stating that "*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases," *Scott*, 626 F.3d at 133 — it also observed that

13

there could be "rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records — such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application[.]" *Id*. at 134.  However, the court clarified that in such extraordinary situations, "the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review of the justification on appeal." *Id*.

However, even in instances where a court excuses the mandate to provide contemporaneous records, "the burden is on the attorney claiming such fees to 'keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested.'" *Farb*, 2011 WL 4465051, at *10 (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987)) (collecting New York state court cases); *Schwartz*, 142 F. Supp. 2d at 331 (noting that "[a]lthough New York law permits courts to award attorney's fees based on reconstructed time records, the burden of documenting the amount of an attorneys' fee award falls on the party submitting the award.") (internal quotations and citation omitted); *see also General Star Indemnity v. Custom Editions Upholstery*, 940 F. Supp. 645, 653 (S.D.N.Y. 1996) ( "[E]ven if contemporaneous records are not required, this court cannot rely on an admittedly 'speculative,' 'reconstructed hourly bill' to set compensation."); *Dweck Law Firm v. Mann,* No. 03 Civ. 8967, 2004 WL 1794486, at *3 (S.D.N.Y. Aug.11, 2004) ("[B]ecause [the attorney] acknowledges that the total hours was nothing more than a 'guesstimate,' and because there are no records to support the testimony, a 25 percent discount of that guesstimate is appropriate.").  Thus, any relaxation of the contemporaneous records rule because of a substantive right to fees arising

14

under state law or because of the destruction of records due to fire or computer malfunction does not absolve an attorney from adhering to the requirement of submitting documentation that provides a court with a "proper basis for determining how much time was spent on particular claims, including a detailed and specific record of the work that was completed." *Schwartz*, 142 F. Supp. 2d at 331 (reducing fee where reconstructed time records were so vague that court could not discern the exact nature of the work performed or its overall complexity). Thus, where counsel submits reconstructed records which contain vague/excessive entries or block billing practices which make it difficult for a court to assess reasonableness, an across-the-board fee reduction is warranted. *See Anderson*, 2016 WL 1444594, at *6; *Caban*, 2015 WL 7454601, at *8.

In the instant case, Plaintiff's counsel has not submitted contemporaneous records in support of the motion for attorney's fees. Plaintiff, in a footnote contained in his memorandum of law, states only that contemporaneous records were not provided for time spent prior to April 19, 2016 due to the fact that "Frank & Associates suffered a recent catastrophic computer virus which permanently encrypted all their files which were saved on or before April 19, 2016." Pl.'s Mem. at 4 n. 2. As such, the records provided through April 19, 2016 were "painstakingly recreated" by Neil M. Frank "by reviewing all submissions to the Court made by Plaintiff one-by-one, and only billing for those items for which billable hours were easily ascertainable." *Id*. However, Plaintiff clarified that "[a]ll records after April 19, 2016 are still in existence and were used in the creation of [reconstructed records]." *Id*.

Initially, as to whether *Carey* forecloses the possibility of a fee recovery in the instant case due to the failure of Plaintiff's counsel to provide the Court with contemporaneous time records, the Court answers this question in the negative. This case arose under provisions of the

15

FLSA, a federal statute, as well as the NYLL, a New York State statute.  *See generally* Am.

Compl.  Further, following a jury trial, Plaintiff's recovery was limited to Defendants' failure to

pay Plaintiff spread-of-hours compensation — a requirement mandated by the NYLL.  *See*

DE 91 (verdict sheet); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 45

(E.D.N.Y. 2015) (The NYLL spread-of-hours claim, for which there is no counterpart under the

FLSA, provides that an employee is entitled to recover compensation for an extra hour of work

at the minimum wage for each day that the employee works in excess of ten hours.") (internal

quotations and citation omitted); NYCRR Title 12, § 142-2.4 (providing for spread-of-hours

compensation).  Accordingly, it is the NYLL which provides the predicate fee-shifting provision

upon which Plaintiff's entitlement to attorney's fees arises.  Therefore, *Carey's*

contemporaneous time records requirement must yield to the more liberal standards afforded

under New York law.  *See Lopalo*, 767 F.3d at 147 ("Our Court has recognized that in cases in

which the right to attorneys' fees is governed by state law, New York's more liberal rule

allowing reconstructed records should apply."); *Serin*, 501 F. App'x at 41; *see also Scott*, 626

F.3d at 133.  Indeed, in *Serin*, a case involving both federal and state law claims, the Second

Circuit considered applying New York's more liberal standard in the absence of any submission

of contemporaneous time records.  The court pointed out that "New York courts have

specifically rejected the hard and fast rule that reconstructed time records can never serve as a

basis for compensation in favor of wider trial court discretion in evaluating fee petitions."  *Serin*,

501 F. App'x at 41.  Therefore, evaluating the facts at issue in the instant case in the context of

prevailing Second Circuit precedent, the Court will not prohibit Plaintiff's counsel from

obtaining a reasonable fee for services rendered even where, as here, contemporaneous time

records are lacking.

Although the Court bases its decision on the fact that the substantive right to fees in this case arises under New York State law, the Court is nevertheless compelled to address the assertion in Plaintiff's memorandum of law that the reason contemporaneous records were not provided through April 19, 2016 was due to a "computer virus" which purportedly rendered such records irretrievable.  Pl.'s Mem. at 4 n. 2.  The Court finds it troubling that Plaintiff's counsel relegated this important information to a footnote in his memorandum of law, especially since that information bears directly upon the central issue before the Court, namely, Plaintiff's fee award.  To the extent Plaintiff sought to have the Court take this factual circumstance into account when determining a proper fee award, such rationale warranted more than a passing reference in a footnote.  Rather, it was incumbent upon counsel, at minimum, to submit a detailed affidavit or declaration setting forth, with specificity, the underling events leading up to the incursion of the virus, the approximate date(s) of the intrusion, the steps taken to recover the compromised data, including whether an expert was consulted, and whether any information was ultimately recoverable.  In addition, if an expert had been consulted or utilized, an affidavit from that individual likely would have assisted the Court in determining the accuracy of the representations made here, as well as the scope of the problem and its ramifications.  Without such information, the Court does not have the requisite factual information to consider this circumstance when determining the underlying motion.  Even in *Scott* — the primary case upon which Plaintiff relies for the proposition that a court may consider re-created time records where the contemporaneous records were destroyed due to fire or computer malfunction — the court recognized that in order to render such a determination "the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review. . . ."  *Scott*, 626 F.3d at 134.  Simply stated, the necessary information is lacking here.

Further, although Plaintiff asserts that "[a]ll records after April 19, 2016 are still in existence, and were used in the creation of [the reconstructed time records]," Pl.'s Mem. at 4 n. 2, the Court is at a loss as to why the *original* contemporaneous records were not provided for review. *Compare* Reconstructed Time Records, attached as Exhibit ("Ex.") I to the June 6, 2016 Declaration of Brian A. Bodansky ("Bodansky Decl.") [DE 96-2] *with* Additional Time Records, attached as Exhibit C to the June 27, 2016 Declaration of Brian A. Bodansky ("Bodansky Decl. II") [DE 100-1]. Instead, such information was inappropriately subsumed into the reconstructed records, with no sound basis as to the rationale since, by Plaintiff's own account, all records after April 19, 2016 were otherwise retrievable. The Court will therefore take this factor into account when determining the reasonable fee to be awarded.

### 3.   *A Blanket Fee Reduction Based Upon Plaintiff's Partial Success at Trial is Not Warranted*

Defendants lodge an additional attack on Plaintiff's fee application by suggesting that Plaintiff's spread-of-hours claim — on which Plaintiff succeeded at trial — "was in no way, shape or form 'inextricably intertwined' with his other claims for unpaid overtime or failure to provide pay stubs." Defs.' Opp'n at 7. Thus, it appears that Defendants seek to limit Plaintiff to, at most, a recovery based solely on the allegedly minimal work performed on the spread-of-hours claim, since that was the only claim upon which Plaintiff prevailed at trial. *See* Defs.' Opp'n   at 7-16. In support of this argument, Defendants recite a litany of instances during the trial which they assert evidences Plaintiff's lack of attention and focus on the spread-of-hours cause of action. As a result, Defendants conclude that Plaintiff's spread-of-hours provision "is mutually exclusive to the plaintiff's unsuccessful overtime and wage statement/notice provisions." *Id*. at 15. Defendants thus urge the Court to award no fee at all, or, if the Court

18

finds an award appropriate, to limit such an award, in part, based upon the "seemingly no time

spent on the prevailing claim. . . ."  *Id*. at 16.

In response, Plaintiff states that the Second Circuit has directed that "[a]ttorney's fees

may be awarded for unsuccessful claims as well as successful ones . . . where they are

'inextricably intertwined' and 'involve a common core of facts or are based on related legal

theories."  Pl.'s Reply at 5 (quoting *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.

1999)).  Specifically, Plaintiff argues that the claims brought in this case "were all related to the

wages paid or not paid to Plaintiff by Defendants, and the manner in which they were provided

to Plaintiff.  Plaintiff's successful claim for spread of hours [pay] was inextricably intertwined

with his claims for unpaid overtime and Defendants' failure to provide him with paystubs [since]

[e]ach of these claims required discovery and depositions to seek information regarding . . . (1)

the number of hours Plaintiff worked (both per day and per week), (2) the amount of money

Plaintiff was paid, and (3) what notices (if any) were provided with Plaintiff's pay."  *Id*. at 6.

Further, Plaintiff maintains that with respect to Defendants' point-by-point attack on the amount

of time Plaintiff spent litigating the spread-of-hours claim during the trial itself, "Defendants

offer no citations in support of this contention, undoubtedly because no such case law exists."

*Id*.  Further, Plaintiff states that with respect to the discovery phase of this case, "[t]he evidence

needed to prove [the spread-of-hours] claim requires . . . precisely the same discovery that a

plaintiff would need in order to prove an overtime claim, which Plaintiff sought in this case."  *Id*.

at 7.

In resolving whether an attorney's potential fee should be reduced based upon the degree

of Plaintiff's ultimate success at trial, "the Court must determine 'whether the claims on which

plaintiff [ ] failed are sufficiently related to the prosecution of claims on which he succeeded,

such that the time spent on the failed claims should be compensated.'" *Tatum v. City of N.Y.*, No. 06-CV-4290, 2010 WL 334975, at \*10 (S.D.N.Y. Jan. 28, 2010) (quoting *Robinson v. City of New York*, No. 05 Civ. 9545, 2009 WL 3109846, at \*28 (S.D.N.Y. 2009)); *see LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998) ("[T]he most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which he succeeded.").  Thus, courts have discretion to subtract from a fee award time spent on unsuccessful claims, where such claims are severable or otherwise not interrelated.  *See Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) ("[T]he court may exclude any hours spent on severable unsuccessful claims."); *Tatum*, 2010 WL 334975, at \*10*; Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 17 (S.D.N.Y. 2015) ("It is true that our award of fees should exclude . . . hours dedicated to severable unsuccessful claims.") (internal citation omitted); *Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-CV-1844, 2015 WL 1476415, at \*10 (E.D.N.Y. Mar. 31, 2015).  However, where "plaintiff's claims involve a common core of facts or [are] based on related legal theories, and are therefore not severable, [a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones.  *Green*, 361 F.3d at 98 (internal quotations and citation omitted) (alterations in original); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 192 (E.D.N.Y. 2014), *stay granted, order supplemented*, 56 F. Supp. 3d 169 (E.D.N.Y. 2014), *aff'd*, 814 F.3d 594 (2d Cir. 2016) (declining to reduce the fee award because plaintiff unsuccessfully pursued certain claims since both successful and unsuccessful claims arose "from the same core set of facts"); *Griffin*, 2015 WL 1476415, at \*10 (declining to sever claims and further reduce fees where "[a]ll of the claims arise from Plaintiffs' employment at Defendant's moving company, all required depositions as to interactions and conversations between Plaintiffs and Defendant's staff and the overtime and

minimum wage claims both required descriptions of the hours Plaintiffs worked and how those hours were tracked."). Nevertheless, "[a]lthough full fees may be awarded to a partially prevailing plaintiff when the underlying claims are intertwined, the court retains substantial discretion to take into account the specific procedural history and facts of each case." *Green*, 361 F.3d at 99; *Gonzalez*, 112 F. Supp. 3d at 17. Further, it is the "party advocating the reduction of the lodestar amount [which] bears the burden of establishing that a reduction is justified." *Griffin*, 2015 WL 1476415, at *10; *Khan v. HIP Centralized Lab. Servs., Inc.*, No. CIV 032411, 2009 WL 2259643, at *2 (E.D.N.Y. July 29, 2009) (citing *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir.1989)).

In the instant case, all of Plaintiff's claims arise from his employment at Defendant's business. As such, the facts relevant to Plaintiff's successful spread-of-hours claim are similarly aligned with and related to the facts underlying his unsuccessful overtime and pay stub causes of action. *See Griffin*, 2015 WL 1476415, at *10. Indeed, all of Plaintiff's claims involve allegations arising under related wage and hour statutory provisions and logically involve the same nucleus of operative facts. Thus, the overtime, lack of pay stubs and spread-of-hours claims are naturally interrelated. Further, the discovery conducted would have logically merged given the relatedness of Plaintiff's claims when viewed against the factual backdrop of this case. Therefore, to view each discrete claim as a completely separate and stand-alone claim would be altogether artificial and would not give meaning to the underlying circumstances upon which such claims arose. Indeed, this is not a case where Plaintiff brought wholly independent causes of action based upon unrelated statutes requiring altogether independent elements of proof that could be logically severed. Rather, the statutes involved and the factual predicates required for a *prima facie* case are so intertwined that attempting to separate them would border on being a

futility.  To the extent Defendants argue otherwise, they ignore the realities underlying the

instant claims and the Court declines to adopt their tenuous position.  Indeed, the Supreme Court

has opined that finding claims to be unrelated is the exception rather than the rule, explicitly

recognizing that

> unrelated claims are unlikely to arise with great frequency. Many
> civil rights cases will present only a single claim. In other cases the
> plaintiff's claims for relief will involve a common core of facts or
> will be based on related legal theories. Much of counsel's time will
> be devoted generally to the litigation as a whole, making it difficult
> to divide the hours expended on a claim-by-claim basis. Such a
> lawsuit cannot be viewed as a series of discrete claims. Instead the
> district court should focus on the significance of the overall relief
> obtained by the plaintiff in relation to the hours reasonably expended
> on the litigation.

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see Barrella*,

43 F. Supp. 3d at 192 (quoting *Hensley* and declining to reduce fee award where plaintiff

unsuccessfully pursued certain claims where entire case involved the same core set of facts).  In

light of the foregoing analysis, the Court declines to impose a blanket reduction to the lodestar

based upon Plaintiff's ultimate lack of success on all but one of his wage and hour claims.

### 4.   *Reasonableness of Attorney's Fees Award*

Having determined that Plaintiff's failure to submit contemporaneous time records is not

fatal to his application for attorney's fees and that a blanket percentage adjustment to the lodestar

is not warranted for the reasons stated, the Court turns its attention to the presumptively

reasonable fee based upon Plaintiff's submissions.  *See Laboy v. Office Equip. & Supply Corp.*,

No. 15 CIV 3321, 2016 WL 5462976, at *16 (S.D.N.Y. Sept. 29, 2016), *report and*

*recommendation adopted*, 2016 WL 6534250 (S.D.N.Y. Nov. 2, 2016) ("As the fee applicant,

plaintiff 'bears the burden of documenting the hours reasonably spent by counsel, and the

reasonableness of the hourly rates claimed.'") (quoting *General Elec. Co. v. Compagnie*

*Euralair*, S.A., 96 Civ. 0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).  The Court will

apply the legal principles set forth in Section III.A.1, *supra*.

Frank & Associates, Plaintiff's counsel of record in the instant case, seeks fees in

conjunction with work performed on this matter by attorneys Neil M. Frank ("Frank"), Peter A.

Romero ("Romero"), Patricia L. Boland ("Boland"), Alyssa T. Marino ("Marino"), Andrea E.

Batres ("Batres") and Brian A. Bodansky ("Bodansky").  Pl.'s Mem. at 2.  Specifically, counsel

seeks $56,733.75 in fees for 243.25 overall hours worked on this matter.  *Id*. at 4; *see* Bodansky

Decl., Ex. I (reconstructed time records).  As such, the Court must determine the overall

reasonableness of the:  (1) hourly rates requested for each attorney who worked on the case; and

(2) overall number of hours claimed.

### i.  Reasonable Hourly Rate

Frank & Associates requests that each attorney who worked on this matter be

compensated at hourly rates ranging from $200 per hour to $375 per hour.  *See* Bodansky Decl.,

Ex. I.  Specifically, the hourly rates sought are as follows:  (1) $375 per hour for Neil M. Frank

(Partner); (2) $300 per hour for Peter A. Romero (Partner); (3) $250 per hour for Patricia L.

Boland (Senior Associate); (4) $200 per hour for Alyssa T. Marino (Associate); (5) $200 per

hour for Andrea E. Batres (Associate); and (6) $200 per hour for Brian A. Bodansky (Associate).

*See* Pl.'s Mem. at 2; Bodansky Decl., Ex. I.

In support of these requested hourly rates, Frank & Associates has included in its

memorandum of law cursory descriptions regarding each attorney's background and experience.

*See id*. at 2-4.  As an initial matter, the Court points out the perfunctory nature of these

descriptions.  The majority encompass no more than two or three brief sentences and provide the

Court with almost no salient background information from which to ascertain the reasonableness

of the hourly rates sought for each practitioner.  The Court points out that  such biographical

information is more appropriately placed in a separate affidavit or declaration, with supporting

exhibits detailing the educational background and professional experience from which the Court

may determine the overall reasonableness of the rates being requested.

As previously stated, it is Plaintiff's burden, as the party seeking fees, to "offer evidence

to the Court in addition to the attorney's own affidavits why its requested fee is appropriate."

*LV v. N.Y. City Dep't of Educ.*, 700 F. Supp. 2d 510, 521 (S.D.N.Y. 2010); *Laboy*, 2016 WL

5462976, at *16; *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553

F. Supp. 2d 201, 208 (E.D.N.Y. 2008); *see Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104

F. Supp. 3d 290, 305 (E.D.N.Y. 2015) ("biographical information concerning the attorneys for

whom charges were submitted [ ] is required to evaluate experience levels").  In light of the

cursory nature of the information provided concerning each attorney's background and

experience "[t]he Court . . . will [primarily] rely on the decisional law and its own experience in

assessing the reasonableness of [Frank & Associate's] requested rates." *LV*, 700 F. Supp. 2d at

521 (citing *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (courts

may take "judicial notice of the rates awarded in prior cases and [rely on their] own familiarity

with the rates prevailing in the district") (alteration in original)); *see also Nat'l Ass'n for the*

*Specialty Food Trade, Inc. v. Construct Data Verlag Ag*, No. 04 Civ. 2983, 2006 WL 4049155,

at *17–18 (S.D.N.Y. Dec. 11, 2006) (declining to award fees at the requested rate and instead

awarding at a lower rate for paralegals and law clerks because the court could not judge the

reasonableness of the request where the moving party did not provide background and

experience information); *Prot. One Alarm Monitoring, Inc.*, 553    F. Supp. 2d at 209 (reducing

requested hourly rates "because counsel has failed to provide information regarding the

experience levels of the attorneys who worked on the case"); *Pilitz v. Inc. Vill. of Freeport*, No. CV 07-4078, 2011 WL 5825138, at *5 (E.D.N.Y. Nov. 17, 2011) ("Where, as here, the moving party fails to provide any biographical information to support the reasonableness of the rates, the court may use its discretion to award fees at a lower rate than requested.") (quoting *Artemide Inc. v. Spero Elec. Corp.*, No. CV 09–1110, 2010 WL 5452075, at *4 (E.D.N.Y. Nov. 23, 2010)).

With respect to Attorney Frank, the information provided states that he has "practiced labor law since 1965 and has actively litigated "hundreds of cases."  Pl.'s Mem. at 2.  In addition, Attorney Frank claims to "have represented thousands of employees throughout his career, most of which were resolved prior to trial, but many of which have been tried in the Eastern District of New York" — none of which are identified.  *Id*.  Although this information reflects that Attorney Frank has been in practice for a long period of time, it does not provide a sufficient basis to justify the $375.00 hourly rate sought by attorney Frank in this case based on the principles set forth in *LV v. N.Y. City Dep't of Educ.* and *Artemide*.  *See* Bodansky Decl., Ex. I.  As a named partner in Frank & Associates, application of the forum rule illustrates that a rate in the range of $300-$400 per hour is generally appropriate.  *See, e.g.*, *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3; *Valdez*, 2016 WL 3079028, at *8.  The Court notes, in reviewing recent labor and employment law cases in which Attorney Frank has been counsel, that other courts have determined that an hourly rate of $350 was appropriate.  *See Flores*, 104 F. Supp. 3d at 305 (reducing hourly rate requested by Neil Frank from $550 to $350); *Joseph v. HDMJ Restaurant, Inc.*, 970 F. Supp. 2d 131, 156 (E.D.N.Y. 2013) (reducing Neil Frank's requested hourly rate from $500 to $350).  In light of (1) the very sparse information provided by Attorney Frank to justify his requested hourly rate of $375, (2) the straight forward nature of the claims in this case, and (3) the recent decisions issued by other courts in this district reducing Attorney

Frank's fee in similar cases, this Court finds that $350 per hourly is presumptively reasonable. Accordingly, the Court respectfully recommends to Judge Spatt that Attorney Frank be awarded attorney's fees at the rate of $350 per hour.

Turning to Attorney Romero, motion papers reveal only that he "graduated from St. John's University School of Law and has litigated solely in the area of employment since he was admitted [to the bar]," that he "has extensive experience litigating federal and state wage and hour cases" and that he "has successfully represented both employers and employees in workplace litigation, including trial and appellate practice, as well as administrative proceedings." Pl.'s Mem. at 3. Much as the rate request made on behalf of Attorney Frank, this portion of the fee request is devoid of essential details needed to assist the Court in determining the overall reasonableness of the $300 per hour fee that is sought. *See* Bodansky Decl., Ex. I. Although Attorney Romero is described as a "Partner" in Frank & Associates, none of the information provided confirms that fact nor is there any detail outlining Attorney Romero's "extensive experience litigating federal and state wage and hour cases." Pl.'s Mem. at 3. Once again, in this district, a reasonable rate for experienced practitioners is between $200-$400 per hour. *See, e.g.*, *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3; *Valdez*, 2016 WL 3079028, at *8; *Penberg*, 2011 WL 1100103, at *6; *Joseph*, 970 F. Supp. 2d at 155. Moreover, in recent cases in which Attorney Romero has appeared, courts have awarded less than the $300 per hour rate sought here. *See Joseph*, 970 F. Supp. 2d at 156 (reducing Attorney Romero's hourly rate from $450 to $275 and noting that this rate "comport[s] with current decisions in this District"); *Flores*, 104 F. Supp. 3d at 312-314 (reducing hourly rate requested by Neil Frank from $450 to $200). In the instant case, the Court is not persuaded that an hourly fee award of $300 is appropriate — especially where no substantiation has been provided supporting Attorney

26

Romero's asserted experience — despite the fact that the burden rests with the applicant to provide such information. As such, the Court finds that $275 is a presumptively reasonable rate for Attorney Romero and is in line with the hourly rates paid to experienced practitioners within this District. *See Barbu v. Life Ins. Co. of North America, DBA Cigna*, No. 121-CV-1629, 2015 WL 778325, at *3 (E.D.N.Y. Feb. 24, 2015) ("Courts have awarded rates of $200 to $400 per hour for partners in this district."). The Court therefore respectfully recommends to Judge Spatt that Attorney Romero's billing rate be set at $275 per hour.

The Court next reviews the hourly rates sought for the four associates who worked on this case — Attorneys Boland, Marino, Batres and Bodansky. The hourly rates sought for these associates are: (1) $250 for Attorney Boland and (2) $200 for Attorneys Marino, Batres and Bodansky. *See* Bodansky Decl., Ex. I. Attorney Boland graduated from law school in 2009 and is described as a "seasoned employment attorney with more than six years of litigation experience, including a concentration on employment and ERISA law." Pl.'s Mem. at 3. Likewise, Attorney Marino is identified as having graduated from law school in 2012, who, while serving as an "Assistant District Attorney in the Bronx [ ] has tried numerous cases to verdict, including multiple wage and hour cases. . . ." *Id*. Clearly, any cases tried by Attorney Marino as an ADA were not wage and hour cases.

Attorney Batres graduated from law school in 2010 and was admitted to the New York Bar in 2011. *Id*. She is listed as having "represented numerous clients in wage and hour litigations, and has secured a number of FLSA and NYLL settlements, including a large settlement on behalf of more than 50 plaintiffs. . . ." *Id*. Attorney Bodansky completed law school in 2013 and was admitted to practice in New York in 2014. *Id*. at 3-4. Prior to joining Frank & Associates, he "practiced labor and employment law with . . . Wigdor LLP[.]" *Id*.

27

These short descriptions provide the Court with a very generalized view of the asserted experience of each of these attorneys — information which falls short of the biographical detail required to provide a sufficient basis to set a reasonable hourly rate.  As such, they suffer from the same infirmities as those provided for attorneys Frank and Romero.  As to an appropriate hourly rate for work done by associates within this District, the applicable case law reveals a range of $200–$300 per hour for senior associates and $100–$200 per hour for junior associates. *Small*, 2014 WL 1236619, at *5; *see Nicaisse*, 2016 WL 4367222, at *4; *Brinkmeier*, 2016 WL 4384330, at *9; *see also In re Certain–Default–Motions Brought o/b/o Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt. Coop., Pension & Welfare Funds*, Nos. 13-6364, 14-325, 14-2893, 2015 WL 968125, at *10 (E.D.N.Y. Feb. 27, 2015) *report and recommendation adopted*, 2015 WL 1247085 (E.D.N.Y. Mar.18, 2015) and 2015 WL 1396475 (E.D.N.Y. Mar. 25, 2015) ("[R]easonable fees in this district vary from $100 to $295 per hour for associates[.]") (citation omitted) (internal quotations omitted); *Flores*, 104 F. Supp. 3d at 313 (same).  Based upon the minimal information provided concerning each associate, in conjunction with the amount of time each has been in practice (ranging from 3 years to 7 years), the Court finds that a fee of $140 per hour for attorneys Marino and Bodansky is reasonable.  *See Joseph*, 970 F. Supp. 2d at 156 (finding rate of $140 presumptively reasonable for junior attorney employed by Frank & Associates).  Plaintiff's counsel seeks an hourly rate of $250 for Attorney Boland ostensibly because she is a "Senior Associate" and a "seasoned employment attorney with more than six years of litigation experience."  Pl.'s Mem. at 2-3.  However, the lack of any substantiation to justify this rate makes it difficult to establish the reasonableness of the request.  The Court also points out that there is only one year of experience separating Attorney Batres from Attorney Boland.  Consequently, the Court respectfully recommends to Judge Spatt that the

hourly rate for Attorneys Batres and Boland be set at $200 — the low end of the range for senior associates practicing within this District.  *See Small*, 2014 WL 1236619, at *5; *see Nicaisse*, 2016 WL 4367222, at *4 (E.D.N.Y. June 9, 2016); *Brinkmeier*, 2016 WL 4384330, at *9.

Where, as here, counsel has provided the Court with a "bare-bones" fee application, the Court is left with little choice but to engage in a downward adjustment of the hourly rates sought.

### ii.  Number of Hours Expended

Having determined the presumptively reasonable hourly rate for each attorney who has worked on this matter, the Court turns its attention to whether the overall number of hours being claimed is reasonable by applying the legal principles set forth in Section III.A.1 of this Report and Recommendation.  *See* Section III.A.1 *supra* (setting forth applicable law when analyzing the reasonableness of an application for attorney's fees).

Frank & Associates asserts that the 243.25 hours spent "litigating this case over the course of more than four years" is reasonable in light of the fact that such time was spent "on the various tasks indicated [in the attached reconstructed time records], and the attorneys' time was spent wisely and was neither redundant nor excessive."  Pl.'s Mem. at 4.  As such, Frank & Associates urges the Court to adopt the total hours set forth in the reconstructed records when calculating the reasonable fee to be awarded.  *See id*.

In its opposition, Defendants primarily take issue with the overall vagueness of the reconstructed time entries for each attorney who worked on this case.  Defendants state that "the proffered hours are completely unreasonable in light of plaintiff's counsel's trial of this action."  Defs.' Opp'n at 10; *see id*. 10-13 (generally attacking the billing entries as vague).  Thus, Defendants argue that the court should "award no fees given the nature of plaintiff's counsel's application . . . [but that if the Court determines a fee is appropriate] a 33 1/3 contingency fee proportionate to the total recovery . . . would be reasonable."  *Id*. at 16.

Having reviewed the reconstructed records, the Court is perplexed by the overall vagueness of the majority of time entries and the utilization of block billing in certain entries. Equally disconcerting are the number of straight-forward legal tasks which were billed out by partners Frank and Romero when one of the four associates assigned to this matter could have readily handled many of these tasks at a lower hourly rate.  In addition, although Frank & Associates has provided the overall hours expended and the total amount billed, the reconstructed records fail to provide subtotals for the time spent and amount charged for each attorney, which further hampers the Court in reviewing this fee application.   Likewise, although Plaintiff asserts that "[a]ll records after April 19, 2016 are still in existence, and were used in the creation of [the reconstructed time records]," Pl.'s Mem. at 4 n. 2, there is no explanation provided in the fee application (or anywhere else for that matter) why the *original* contemporaneous records were not provided for review with respect to that time period. *Compare* Reconstructed Time Records, Bodansky Decl., Ex. I *with* Additional Time Records, Bodansky Decl. II, Ex. C.  Instead, billing information concerning the period following April 19, 2016 has been inexplicably included in the reconstructed records.  This fact in itself raises concern regarding the overall accuracy of the records provided — especially where no affidavit or declaration from Attorney Frank or Attorney Romero has been provided to explain this inconsistency.

As stated above, the burden at all times rests with the party seeking fees to "offer evidence to the Court in addition to the attorney's own affidavits why its requested fee is appropriate."  *LV*, 700 F. Supp. 2d at 521; *Laboy*, 2016 WL 5462976, at *16; *Prot. One Alarm Monitoring, Inc.*, 553 F. Supp. 2d at 208.  In the instant case, although the Court has found that reconstructed records, as opposed to contemporaneous records, are sufficient based upon the

facts of this case, this finding does not absolve the applicant from complying with the requirement to provide the necessary information from which the Court can determine whether the requested fee is reasonable. *See Matter of Daylight Transp., Inc.*, 42 B.R. 20, 23 (E.D.N.Y. 1984) ("since the burden of proof lies on the applicant, any doubts as to the reliability of reconstructed records should be resolved against the applicant."); *6D Glob. Techs., Inc.*, 2015 WL 4946033, at *3 (recognizing that "the burden is on the attorney claiming such fees to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required" and finding that reconstructed records contained "obvious deficiencies" necessitating overall reduction in requested fee).

In the instant case, the only mention of the method used to reconstruct billing records is contained in a single footnote in Plaintiff's memorandum of law. The footnote states only that Attorney Frank "painstakingly recreated the billing records by reviewing all submissions to the Court made by Plaintiff one-by-one, and only billing for those items for which billable hours were easily ascertainable." Pl.'s Mem. at 4 n. 1. Significantly, this memorandum was not signed by Attorney Frank, but rather was signed by associate Bodansky who is not a member of the firm with fiduciary obligations. Consequently, the Court has no way to judge the accuracy of this assertion since Attorney Bodansky was apparently not involved in the reconstruction at all. Further, the Court has no idea what method was utilized by Attorney Frank to determine "which billable hours were easily ascertainable." *See id*. Nor does the perfunctory explanation contained in the footnote explain why contemporaneous records were not submitted concerning the period of time after April 19, 2016.

"The Second Circuit has stated that a district court is not required to 'set forth item-by-item findings concerning what may be countless objections to individual billing items,'" *Reiter v.*

*Metro. Transp. Auth. of State of N.Y.*, No. 01 CIV 2762G, 2007 WL 2775144, at *13 (S.D.N.Y.

Sept. 25, 2007) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)), and the

Court will not do so in the instant case.  However, the Court finds it prudent to set forth a

sampling of some of the deficiencies contained in the reconstructed records.  One obvious

deficiency involves vague entries for Attorney Marino which are simply listed as "trial prep."

*See* Bodansky, Ex. I.  Entries such as this "make it impossible for the Court to determine if the

'trial preparation' involved compensable tasks (such as drafting questions for witness

examinations) or non-compensable tasks (such as photocopying of exhibits).  *Reiter*, 2007 WL

2775144, at *15.  In addition, this propensity for vague entries is unfortunately not limited to

Attorney Marino, but instead is quite apparent in the entries of other attorneys as well.

*See* Bodansky Decl., Ex. I (containing numerous instances of overly vague time entries,

including:   "reviewed docs from Def." (Attorney Batres); "trial" and "trial / verdict" (Attorney

Bodansky); "meet with Frank after conference;" "confer w/ Marino re issues re time records;"

and "travel to/from ct for conference" (Attorney Boland); "tel conf w/ court;" "tel conf w/ court

re status;" "review ct order;" draft letter to ct re subpoena of;" "depo of Brabant;" and "dep of

plaintiff" (Attorney Romero)).

There are also a number of instances where "block billing" entries have been utilized,

further compounding the Court's inability to determine the reasonableness of the hours spent.

*Molefi v. Oppenheimer Trust*, No. 03 CV 5631, 2007 WL 538547, at *7-8 (E.D.N.Y. Feb.15,

2007) (recognizing that "block billing renders it difficult to determine whether, and/or the extent

to which, the work done by . . . attorneys is duplicative or unnecessary"); *see Reiter*, 2007 WL

2775144, at *15.  With respect to attorneys Frank and Romero, the records establish that many

tasks they performed could have been completed by the multiple associates working on this case

in light of the fact that many tasks involved legal tasks that were straightforward.  *See, e.g.*,

Bodansky Decl., Ex. I.  Exacerbating these issues is the fact that in a few cases, it appears

Attorneys Batres, Frank and Romero billed for time involving a workers' compensation matter

which, without further explanation, appears to lack any nexus to the facts of this case.  *See id.*,

"FOIL request to NYSDOL" (Attorney Batres); "analyze workers comp transcript" (Attorney

Frank); "FOIL request and review of response for workers comp transcript" (Attorney Romero).

Over and above these discrepancies, the Court notes that upon examination, some tasks bear the

indicia of excessive billing, such as:  total of 10 hours drafting the motion for attorney's fees

(Attorney Bodansky); 1.2 hours to draft an email to opposing counsel (Attorney Boland); 2 hours

for a damages calculation in relation to motion in limine (Attorney Frank); 4 hours for

preparation of a confidentiality agreement (Attorney Romero).  Adding to these concerns is the

fact that Frank & Associates seemingly bills out travel time for its attorneys at each attorney's

full hourly rate, *see* Bodansky Decl., Ex. I — in contravention of the rule that "travel time is

appropriately reimbursed at one-half of the determined hourly rate."  *Hugee v. Kimso*

*Apartments, LLC*, 852 F. Supp. 2d 281, 302 (E.D.N.Y. 2012) (quoting *Kochisarli v. Tenoso*, No.

02–CV–4320, 2008 WL 1882662, at *8 (E.D.N.Y. Apr. 24, 2008)); *Anderson*, 2016 WL

1444594, at *6.

  In cases such as this, where numerous deficiencies (including vague entries, block billing,

excessive billing, utilizing a partner to accomplish tasks that could have been adequately

completed by an associate and not reducing the hourly rate for travel time) pervade the fee

application, courts have declined to engage in a line-by-line analysis and instead have applied an

across-the board-percentage reduction in the number of hours sought, with a comparable

decrease in the overall fee.  *See, e.g.*, *Anderson*, 2016 WL 1444594, at *6 (recognizing that

where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries"); *see Barbu*, 2015 WL 778325, at *5 (imposing a 33% reduction in total hours based upon vague entries and block billing); *Caban*, 2015 WL 7454601, at *8 (33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Gagasoules*, 296 F.R.D. at 112 (40% reduction due to vague and unrelated entries) *see also Ritchie*, 756 F. Supp. 2d at 583 (reducing attorneys' fees award by forty percent); *DeVito*, 831 F. Supp. at 1045 (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work); *De La Paz*, 2013 WL 6184425, at *4 (recognizing that "[u]niform percentage cutbacks are warranted where administrative tasks or work should have been accomplished by a less-skilled practitioner); *Chavez*, 2016 WL 1171586, at *5 (reducing total hours by 30 percent since "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate"); *Barshay*, 2016 WL 3578993, at *4.  In light of the significant deficiencies contained within the instant application, such an approach is warranted here.

The Court sets forth below a chart containing the name of each attorney, the overall hours sought as well as the total rate charged based upon the requested hourly rates in the fee application.  The Court again emphasizes that Plaintiff failed to provide these subtotals for each attorney and left that job to the Court.

[remainder of page intentionally left blank]

| Attorney Name | Hourly Rate Requested | Total Hours Requested | Total Fee Requested |
|---|---|---|---|
| Neil Frank | $375.00 | 4.25 | $1,593.75 |
| Peter Romero | $300.00 | 63.55 | $19,365.00 |
| Patricia Boland | $250.00 | 19.7 | $4,925.00 |
| Alyssa Marino | $200.00 | 64.45 | $12,890.00 |
| Andrea Batres | $200.00 | 7.7 | $1,540.00 |
| Brian Bodansky | $200.00 | 83.6 | $16,720.00 |
| **Requested Total** | | **243.25** | **$57,033.75** |

In light of the myriad issues impairing this fee application, and in line with how other courts have addressed these issues, the Court will impose a 30% across-the-board cut to both the total hours worked as well as the total fee charged on a per attorney basis. *See Chavez*, 2016 WL 1171586, at *5 (reducing total hours by 30 percent since "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate"). Although an unhappy result, Frank & Associates has failed to meet their burden. With such critical information not forthcoming, the Court has addressed the application as it has found it and has reduced the overall fee accordingly. Although the Court understands that technological setbacks can and do occur, the existence of the same in this case does not relieve counsel of their affirmative obligation to prepare a properly detailed and supported motion for fees — reconstructed or otherwise.

Applying the 30% reduction as well as the adjusted hourly rates discussed earlier, the Court reflects the impact in the following chart:

| Attorney Name | Adjusted Hourly Rate | Original Hours Sought | Hours After 30% Reduction | Adjusted Total Fee |
|---|---|---|---|---|
| Neil Frank | $350.00 | 4.25 | 3.0 | $1,050.00 |
| Peter Romero | $275.00 | 63.55 | 44.5 | $12,237.50 |
| Patricia Boland | $200.00 | 19.7 | 13.7 | $2,740.00 |
| Alyssa Marino | $140.00 | 64.45 | 45.1 | $6,314.00 |
| Andrea Batres | $200.00 | 7.7 | 5.4 | $1,080.00 |
| Brian Bodansky | $140.00 | 83.6 | 58.6 | $8,204.00 |
| **Adjusted Total:** | | | **170.3** | **$31,625.50** |

Although the Court acknowledges that Plaintiff's counsel seeks an additional fee of $7,225.00 for the reply papers filed with respect to the instant motion — as well as the reply brief filed in response to Defendant's motion for judgment as a matter of law — the overall hours claimed (26.50) totaling $7,225.00, appear unreasonable in light of the straightforward fee issues raised. Accordingly, the Court declines to recommend an award of the requested additional fees on that basis. *See, e.g.*, *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 865 F. Supp. 2d 284, 294 (E.D.N.Y. 2012), *aff'd*, 710 F.3d 57 (2d Cir. 2013), *amended*, 956 F. Supp. 2d 402 (E.D.N.Y. 2013) (declining to award additional fees for preparation of reply papers where "the additional fee requested in the sum of $14,560 seems unreasonable to the Court. . . .").

The Court points out that the time records submitted in support of this additional fee request list Attorney Bodansky's rate at $250.00 per hour while the rate for Attorney Frank has gone up substantially to $550 per hour, without any explanation for such increases over and above those set forth in the initial fee application. Once again, in light of the straightforward nature of this case and because of the unsubstantiated increase in the hourly rate, the Court finds that applying the 30% reduction to these supplemental fees is appropriate. Thus, the adjusted number of hours totals 18.5. Of those 18.5 hours, Attorney Bodansky was responsible for 17.2 hours of work. Taking Attorney Bodansky's adjusted hourly rate of $140, multiplied by 17.2 hours yields the sum of $2,408 as his total fee. Likewise, Attorney Frank contributed 1.3 hours to the 18.5 adjusted hourly total. Taking his adjusted hourly rate of $350, multiplied by 1.3, hours results in a total fee of $455. Thus the overall adjusted total for these supplemental fees is $2,863.00, which the Court finds presumptively reasonable for the preparation of the reply materials.

Finally, although Defendants argue that any fee award should be proportionate to the amount of damages ultimately awarded, *see* Defs.' Opp'n at 16, "the Supreme Court has made clear . . . that a statutory fee award need not be proportionate to the amount of damages plaintiffs actually recovered." *Kalloo v. Unlimited Mechnical Co. of NY*, 977 F. Supp. 2d 209, 211 (E.D.N.Y. 2013) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)). Although *Rivera* involved a claim arising under 42 U.S.C. § 1988, "[t]he same reasoning applies to FLSA suits where, as in civil rights suits, Congress has determined that successful plaintiffs shall be awarded reasonable attorneys' fees." *Kalloo*, 977 F. Supp. 2d at 211 (citing *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511–12 (S.D.N.Y. 2011)). In addition, "the Second Circuit has 'repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Griffin*, 2015 WL 1476415, at *10 (quoting *Barbour v. City of White Plains*, 700 F.3d 631, 635 (2d Cir. 2012)). In light of this line of cases, notwithstanding the overall minimal amount of damages awarded on Plaintiff's NYLL spread-of-hours claim, the Court declines to award attorney's fees based on a proportion of the damages obtained and adheres to the methodology utilized in this Report and Recommendation.

In light of the foregoing discussion, the Court respectfully recommends to Judge Spatt that Plaintiff be awarded a total of $34,488.50 ($31,625.50 initial fee application + $2,863.00 supplemental fee application = $34,488.50).

### 5.  *Award of Costs*

In addition to a fee award, Frank & Associates seeks an award of the costs it expended in pursuing this litigation. Pl.'s Mem. at 9. Although Frank & Associates has asserted that its cost records were affected by the same computer virus which infected its time records, it nevertheless claims that these "records were maintained through a different computer program . . . and we are

advised there is a strong likelihood the records of costs expended will be recoverable[.]  *Id*. Thereafter, as part of its reply papers, Frank & Associates submitted a "Slip Listing" of the alleged costs incurred for which it now seeks reimbursement.  Bodanksy Decl. II, Ex. B. Specifically, Frank & Associates seeks a total of $3,632.58 in costs.  *Id*.

As set forth in Section III.A.2. of this Report and Recommendation, although courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients," *Reichman*, 818 F.2d at 283; *Sheet Metal Workers Nat'l Pension Fund*, 2014 WL 2600095, at *11, it is incumbent on the party seeking reimbursement of its costs to provide the Court with adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid.  *See Lee*, 2013 WL 4830951, at *5 ("[I]t is [ ] the requesting party's burden to support its application, and this means that the requested costs must be substantiated . . . A mere assertion that a certain cost was incurred, though, is insufficient, where such an assertion is made in a conclusory fashion in a brief or bill of costs, without a supporting affidavit, declaration, or documentation."); *Volpe*, 2016 WL 6238525, at *10 ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested.") (internal quotation omitted).  In addition, Local Civil Rule 54.1 states that "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,' " and "[b]ills for the costs claimed must be attached as exhibits." *Id*. (quoting *D.J. ex rel. Roberts*, 2012 WL 5431034, at *9.  The only situation in which this rule is relaxed is where reimbursement is sought for a filing fee.  In such cases, a Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket.  *See Douyon*, 49 F. Supp. 3d at 352 ("The Court takes judicial notice of the

$350 filing fee reflected on the docket."); *Lee*, 2013 WL 4830951, at *5 ("Court fees that are reflected on the Court's docket are sufficiently substantiated").

Although Frank & Associates has submitted a "Slip Listing" of the asserted costs incurred, it has not submitted an affidavit in compliance with Local Civil Rule 54.1, nor has it attached receipts showing not only that the requested costs were incurred, but that they were paid.  In addition, with respect to the in-house photo-copying charges — billed out at .20 cents per page — no affidavit has been submitted setting forth the nature of these charges as well as the rationale for the rate of .20 cents per page where such a rate is not in accord with the going rate awarded within this district.  *See Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528, 2015 WL 1189551, at *5 (W.D.N.Y. Mar. 16, 2015) ("costs of copies that are made merely for a party's convenience are not taxable") (interpreting 28 U.S.C. § 1920(4)); *Tatum v. City of N.Y.*, No. 06-CV-4290, 2010 WL 334975, at *13 (S.D.N.Y. Jan. 28, 2010) ("Plaintiff's counsel may also recover photocopying costs, 'but [ ] must make clear what documents were copied, how many copies were made, the cost per page charged for copying, and why the copies were necessary.'" (quoting *Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, No. 05 CIV. 6757, 2009 WL 466136, at *1 (S.D.N.Y. Feb. 25, 2009)); *Source Vagabond Sys., Ltd. v. Hydrapak, Inc.*, No. 11 CIV. 5379, 2013 WL 136180, at *15 (S.D.N.Y. Jan. 11, 2013), *report and recommendation adopted in part, rejected in part*, No. 11 CIV. 5379, 2013 WL 634510 (S.D.N.Y. Feb. 21, 2013), *aff'd*, 753 F.3d 1291 (Fed. Cir. 2014) (declining to award $299.37 for photocopying costs where counsel neglected to provide the court with "information regarding what was copied or when it was copied"); *Staples, Inc. v. W.J.R. Assocs.*, No. 04-CV-904, 2007 WL 2572175, at *10 (E.D.N.Y. Sept. 4, 2007) ("Mr. Re's firm charges twenty cents per page to photocopy, and the court finds that ten cents per page is more consistent with a reasonable

commercial rate."); *King Vision Pay Per View Corp., Ltd. v. Tardes Calenas Moscoro, Inc.*, No. 01 Civ. 9775, 2004 WL 473306, at *5 (S.D.N.Y. 2004) (reducing the rate of in-house photocopying from seventy five cents to ten cents per page and noting that "counsel may not build a profit into costs incurred in-house when they seek to shift those costs to an adversary"); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, No. 03-CV-00502, 2005 WL 670307, at *14 (N.D.N.Y. Mar. 22, 2005) (noting that photocopying at a rate of ten cents per page is reasonable), *rev'd in part on other grounds*, 493 F.3d 110 (2d Cir. 2007).

Based upon these issues, the Court respectfully recommends to Judge Spatt that (1) Frank & Associates be awarded costs in the amount of $350 — such amount equaling the filing fee for which this Court may take judicial notice, and (2) Plaintiff's counsel be given an opportunity to provide an affidavit regarding costs, pursuant to Local Civil Rule 54.1, along with the necessary underlying receipts, so long as counsel does so within 14 days.

## IV.  CONCLUSION

For the reasons set forth above, the Court respectfully recommends to Judge Spatt that:

(1)    Plaintiff be awarded $34,488.50 in attorneys' fees for litigating this action;

(2)    Plaintiff be awarded $350.00 in costs incurred; and

(3)    Plaintiff's counsel be given an opportunity to provide an affidavit regarding costs, pursuant to Local Civil Rule 54.1, along with the necessary underlying receipts, so long as counsel does so within 14 days


Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* FED. R. CIV. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the

Chambers of the Honorable Arthur D. Spatt, and to the Chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       February 17, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge