UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
EFRAIN REYES CABRERA,

                Plaintiff,

    -against-

THOMAS SCHAFER, DREAM TEAM TAVERN CORP.,
d/b/a Tommy's Place

               Defendant(s).
----------------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
12-CV-6323 (ADS)(AKT)

**APPEARANCES:**

**Frank & Associates, P.C.**
*Attorneys for the Plaintiff*
500 Bi-County Boulevard
Suite 112N
Farmingdale, NY 11735
    By:    Neil Frank, Esq.,
             Alyssa T Marino, Esq.,
             Brian Bodansky, Esq.,
             Patricia Lynne Boland, Esq., Of Counsel

**Gruenberg Kelly Della**
*Co-Counsel for the Defendants*
700 Koehler Avenue
Ronkonkoma, NY 11779
    By:    Glenn E Auletta, Esq.,
             Sean Patrick Kelly, Esq.,
             Zachary M Beriloff, Esq., Of Counsel

**SPATT, District Judge**:

        Following a jury trial, the Defendants Dream Team Tavern Corp. d/b/a Tommy's Place and Thomas Schafer (collectively, "the Defendants"), were found liable under the New York State labor laws for failure to pay the Plaintiff Efrain Reyes Cabrera (the "Plaintiff") wages for his "spread of hours." The jury found that the Defendants were not liable under Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* (the "FLSA") and New York State labor laws for failing to pay the

Plaintiff overtime or for failing to provide the Plaintiff with pay stubs. The Plaintiff moved for attorneys' fees and costs, and the Court referred the motion to Magistrate Judge A. Kathleen Tomlinson. Judge Tomlinson recommended that the Court award the Plaintiff $34,488.50 in attorneys' fees and $350 in costs.

Presently before the Court are the Defendants' objections to Judge Tomlinson's February 17, 2017 Report and Recommendation (the "R&R") pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 72. For the following reasons, the Court finds that the Defendants' objections are either conclusory or duplicative of arguments they made in their original memorandum of law. The Court therefore reviews the R&R therefore for clear error; finds no clear error; and adopts the R&R in its entirety.

## I. BACKGROUND

### A. The Defendants' Objections to the R&R

The Defendants made five numbered objections to the R&R. First, they objected to any consideration of the counsel for the Plaintiff's time records because the Defendants contend that they were not authenticated and therefore inadmissible. Second, the Defendants argue that the lodestar figure presented by the Plaintiff's attorney should have been reduced because of the Plaintiff's limited success at trial. Third, the Defendants believe that the Court should have reduced the Plaintiff's attorneys' proffered hours by 70% instead of 30% because the hours were vague, duplicative, and unsupported. Fourth, the Defendants argued that the attorneys' fees were not reasonable. Fifth, the Defendants opined that the Plaintiff's counsel should not be afforded an opportunity to provide an affidavit regarding costs.

The Plaintiff did not make any specific written objections to the R&R, nor did the Plaintiff's counsel file an affidavit of costs within fourteen days of the R&R

2

## II. DISCUSSION

### A. The Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776SLTJO, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451

(S.D.N.Y. 2008))). "The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson,* 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 (Former 5th Cir. 1982) (en banc)) (footnote omitted). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

"The question whether a party may raise a new legal argument for the first time in objections to a magistrate judge's report and recommendation has not yet been decided in this Circuit." *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015) (internal citations, quotation marks, and alterations omitted).

Many district courts in this Circuit hold that "'new arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all.'" *Tarafa v. Artus*, No. 10 CIV. 3870 AJN HBP, 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013) (quoting *Smith v. Hulihan,* 2012 WL 4928904, at * 1 (S.D.N.Y. Oct. 17, 2012) (citing *Forman v. Artuz,* 211 F. Supp. 2d 415, 418 n. 8 (S.D.N.Y. 2000))); *see also Toth*, 2017 WL 78483, at *7 ("a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate" (quoting *Ortiz*, 558 F. Supp. 2d at 451)); *DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-2251 AJN HBP, 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014) ("[A] party waives any arguments *not* presented to the magistrate judge." (emphasis in original) (quoting *Tarafa*, 2013 WL 3789089, at *2 (internal quotation marks omitted))).

Other district courts have begun to apply a six-factor test to determine whether they should exercise their discretion to consider arguments raised for the first time at the objections stage:

> (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Amadasu v. Ngati,* No. 05 Civ. 2585, 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012); *see also Stock Mkt. Recovery Consultants Inc. v. Watkins*, No. 13-CV-193 PKC VVP, 2015 WL 5771997, at *3 (E.D.N.Y. Sept. 30, 2015); *Levy*, 103 F. Supp. 3d at 433–34; *Wells Fargo Bank N.A. v. Sinnott*, No. 2:07-CV-169, 2010 WL 297830, at *4 (D. Vt. Jan. 19, 2010). In the interest of fairness, this Court will apply the six factors to any new arguments raised.

A decision is "clearly erroneous" when the Court is, "upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006).

**B. Application to the Facts**

The Court finds that all of the Defendants' objections are either waived, conclusory, perfunctory, or duplicative of their original arguments.

This is the first time that the Defendants have argued that the Plaintiff's counsel's time sheets are hearsay. Weighing the six factors above concerning consideration of new arguments, the factors weigh heavily against consideration. The only legal support for the Defendants' contention that the sheets are hearsay rests with the Federal Rules of Evidence; specifically, Rule 43 regarding hearsay. Rule 43 is a long standing principle. The Defendants do not point to any new statute or decision. They do not provide a reason for only bringing this argument to light

5

now.  Perhaps most importantly, no manifest injustice will result if the new argument is not considered because the argument is without merit.  The Defendants do not cite to a single case that directly supports their argument that the time sheets must be disregarded as hearsay.  The Court addressed the Plaintiff's counsel's failure to include an affidavit in its R&R; discussed the case law at length; and accepted the time sheets without an affidavit.  As the six factors weigh against the consideration of the new argument, the Court finds that the Defendants' first objection is improper.  Therefore, the Court will review that portion of the R&R for clear error.

The Defendants' second objection concerning the Plaintiff's limited success at trial was an argument they presented in their original memorandum of law.  In fact, they raised these arguments throughout their original memorandum of law.  (*See* Defs.' Mem. of Law in Opp. at 8, 11, 13, 14, 15).  The Defendants argued in their original memorandum of law that the lodestar figure should be reduced.  They merely repeat that argument now.  "Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation."  *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (internal citations and quotation marks omitted).  As this is not a proper objection, but merely a rehashing of their original arguments, the Court will also review those portions of the R&R for clear error.

The Defendants third objection is tantamount to a general disagreement with the Court's decision.  The R&R recommended a 30% reduction of the plaintiff's hours because they were vague and duplicative.  The Defendants do not give a reason why they should have been reduced further, other than the general principle that they disagree with the recommended reduction.  The Defendants do not cite to a case that states that situations like this require a further reduction.  Instead, they quote the R&R which says that courts have reduced hours by up to 40%; find a case

where the hours were reduced by 50%; and say that the hours here should have been reduced by 70%. This objection is both vague and conclusory. Accordingly, the Court will also review those portions of the R&R for clear error.

The Defendants' fourth objection is conclusory, and was also argued by the Defendants in their memorandum of law. The Defendants argue that the "award was not reasonable." They repeatedly point to case law that states that reasonableness depends on "what a reasonable client would pay." (Defs.' Objections to the R&R at 19 (quoting *Badalamenti v. Country Imported Car Corp.*, No. CV 10-4993 GRB, 2015 WL 1862854, at *7 (E.D.N.Y. Apr. 23, 2015)). However, the Defendants made this argument in their original memorandum of law. (*See* Defs.' Mem. of Law at 16, ECF No. 97-1 (stating that when calculating payment, courts must consider "what a reasonable, paying client would be willing to pay" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008) (internal quotation marks omitted)))). Therefore, this is not an objection, but merely an attempt to have this Court reconsider the very same arguments presented to the magistrate judge. Accordingly, the Court will also review those portions of the R&R for clear error.

The Defendants' fifth objection is moot because the Plaintiff did not file an affidavit or receipt of costs.

Therefore, because all the Defendants' objections are improper, the Court now reviews the R&R for clear error. The Court finds no clear error and adopts the R&R in its entirety.

### III. CONCLUSION

For the reasons stated above, the Court finds that the Defendants' objections are improper and therefore reviews the R&R for clear error. The Court finds no clear error. Accordingly, the R&R is adopted in its entirety.

The Plaintiff is directed to file a judgment consistent with this opinion and the jury verdict.

It is **SO ORDERED:**

Dated: Central Islip, New York

March 27, 2017    _____/s/ Arthur D. Spatt_____

　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT

　　　　　　　　　　　　　　　　　　United States District Judge